Ellen E. Ostrow (#14743)
eostrow@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT  84111
Telephone:  801.401.8900

Geoffrey S. Goodman (*Pro Hac Vice* forthcoming)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone:  312.832.4514

*Proposed Attorneys for Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**SAFEMOON US LLC,**<br><br>Debtor. | Bankruptcy Case No. 23-25749<br>Chapter 7<br><br>Honorable Joel T. Marker |

**MOTION OF ELLEN E. OSTROW, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 721 AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS EFFECTIVE AS OF THE PETITION DATE FOR THE SOLE PURPOSE OF (A) LIQUIDATING THE BUSINESS AND EMPLOYING THE DEBTOR'S FORMER EMPLOYEES AS INDEPENDENT CONTRACTORS AND TO PAY FOR SERVICES; AND (B) FOR ADDITIONAL RELIEF**

Ellen E. Ostrow (the "***Trustee***"), the duly-appointed trustee in the above-entitled Chapter 7 bankruptcy case (the "***Bankruptcy Case***") filed by SafeMoon US LLC (the "***Debtor***"), by and through her undersigned proposed counsel, hereby submits this motion (the "***Motion***") for entry of an order, substantially in the form attached hereto as ***Exhibit A***, pursuant to sections 11 U.S.C.

§ 105(a), 363, 721 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy***

***Code***") authorizing the Trustee to (a) operate the Debtor's business on a limited basis effective as

of the Petition Date (as defined below) for the period of up to sixty (60) days for the sole purpose

of winding down the business, and (b) employing and paying the Debtor's former employees for

their services.  In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§

157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 363, and 721

of Title 11 of the United States Code.

## BACKGROUND

3.      On December 14, 2023 (the "***Petition Date***"), the Debtor filed a voluntary petition

for relief under Chapter 7 of the Bankruptcy Code.

4.      Ellen E. Ostrow has been appointed as chapter 7 trustee.

5.      The section 341(a) meeting of creditors is scheduled for January 17, 2023.

6.      Prior to ceasing operations, the Debtor was a cryptocurrency and blockchain

company based in Pleasant Grove, Utah. The Debtor was created in March 2021. Concurrently

with its inception, the Debtor created and sold a SafeMoon token ("***SFM Token***") that trades on

the BNB Chain (Binance) blockchain. The value of the SFM Token increased exponentially in its

first month of existence, resulting in the total market value of the token rising to the billions of

dollars in April 2021.

2

7.      Over time, however, allegations that the Debtor's principals made misrepresentations and engaged in other alleged misconduct led to a sharp reduction in the market price of the SFM Tokens.

8.      On February 17, 2022, certain individuals filed a class action complaint against the Debtor, Braden John Karony (the Debtor's former CEO), Kyle Nagy (the Debtor's founder), and various other executives and/or insiders of the Debtor, in the United States District Court for the District of Utah (the "*Class Action Complaint*"). *See Combs et al v. SafeMoon LLC et al*, Case No. 22-cv-00642 (D. Utah). In the Class Action Complaint, as it has been amended, the plaintiffs allege that the Debtor and other defendants violated, among other things, Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)) (the "*Exchange Act*"), Rule 10b-5(b) promulgated thereof, and various other federal and state laws by making false statements of material fact and engaging in a scheme to defraud investors relating to the purchase or sale of a security (i.e., the SFM Token).

9.      On November 1, 2023, the Securities and Exchange Commission ("*SEC*") filed a Complaint against the Debtor and others in the United States District Court for the Eastern District of New York. *See Securities and Exchange Commission v. SafeMoon LLC et al*, Case No. 23-08138 (E.D.N.Y.) (the "*SEC Case*").  In the SEC Case, the SEC asserts various claims against the Debtor and other Defendants under the Exchange Act, Rule 10b-5 and the Securities Act of 1933 (15 U.S.C. § 77a *et seq.*).

## RELIEF REQUESTED

10.     The Trustee anticipates that she will engage former employees of the Debtor to assist her administering the chapter 7 case, including, among other things: (a) assisting in

3

liquidating crypto assets, as they have historical knowledge about the assets that will be subject to

conversion to cash, (b) selling the Debtor's assets, and (c) managing and protecting liquidity pools.

11.     The Trustee has filed this Motion seeking authority to (a) operate the Debtor's

business on a limited basis and for the sole purpose of liquidating the business, and (b) hiring

former employees as independent contractors to perform the services based on the Trustee's

discretion. The scope of this Motion is therefore limited--the Trustee has not and does not intend

to operate the Debtor's business in any other manner beyond the limited manner set forth herein,

which will enable the Trustee to appropriately discharge the Trustee's duties and maximize value

for creditors.

**A.  The Trustee Should Be Authorized to Operate the Debtor's Business on the Limited Basis Set Forth Herein Under 11 U.S.C. § 721.**

12.     The Trustee, in the exercise of her business judgment, believes the best way to

maximize the value of the Debtor's assets is to operate the Debtor's business on the limited basis

set forth in this Motion to sell the Debtor's assets, liquidate substantial crypto assets, including

"liquid" crypto such as Bitcoin and Ethereum, and convert them to cash, and manage liquidity

pools. Therefore, the Trustee is requesting authority to operate the business on a limited basis for

the period of up to sixty (60) days, without prejudice to the Trustee's rights to request additional

time to the extent it may become necessary to do so. The Trustee respectfully submits that the

relief requested is designed to maximize the value of the Debtor's assets and that it is fair and

equitable under the circumstances of this case.

13.     Section 721 of the Bankruptcy Code provides that the Court "may authorize the

trustee to operate the busyness for a limited period of time."  11 U.S.C. § 721.  The Bankruptcy

Code allows bankruptcy courts to authorize a chapter 7 trustee to operate the debtor's business for

4

a limited period of time, if operation of the business is in the best interest of the estate and consistent with an orderly liquidation. *See Collier on Bankruptcy* ¶ 721.02.

14.    The Trustee submits that the operation of the Debtor's business on a limited basis in the form of winding down the operations and hiring former employees as independent contractors to assist in the liquidation of the Debtor's assets is in the best interest of the Debtor's estate and is consistent with the orderly liquidation of the Debtor's estate. Liquidity pools and crypto assets need to be managed, wound down and liquidated. Obtaining authority under § 721 provides the Trustee with maximum flexibility to accomplish those tasks in the best interests of creditors.[1]

15.    Moreover, the Trustee, in the exercise of the Trustee's business judgment, believes that hiring former employees will maximize the value of the Debtor's assets for all interested parties. If the Trustee is not authorized to hire certain of the Debtor's former employees, there would be a loss of significant value to the detriment of the Debtor's estate, since those former employees have valuable knowledge of the Debtor's business.

16.    The Trustee also reserves the right to request additional time to operate pursuant to section 721 should the need arise based on the circumstances of the case.  The Trustee submits that further extension of the authority to operate as set forth herein is permissible under § 721. *See Collier on Bankruptcy* ¶ 721.02 9 ("The authority of a trustee to operate the debtor's business can be renewed periodically by the bankruptcy court if the continued operation of the debtor's business by the trustee remains consistent with the requirements of section 721 of the Code.").

---

[1] Notably, the Trustee is **not** marketing SFM Tokens—she is winding down the business in a reasoned, managed way.

**B. The Trustee Should be Authorized to Employ Former Employees of the Debtor as Independent Contractors.**

17.     The Trustee has identified former employees of the Debtor to assist the Trustee with the winding down of the operations.[2]  Although the Trustee will be actively engaged in the liquidation and administration of the estate, the former employees are thoroughly knowledgeable about the Debtor's operations and would be valuable assistance to the Trustee throughout this process.

18.     The Trustee proposes to compensate certain of the Debtor's former employees (that the Trustee decides to hire in her business judgment) as independent contractors including through (a) paying their pre-petition claims up to the priority cap under 11 U.S.C. § 507(a)(4), and (b) paying such employees for services going forward at their pre-petition salaries plus fifteen percent (15%), in order to incentivize such employees to stay in what is a short-term terminal position.

19.     Section 105(a) of the Bankruptcy Code provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title … shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules.

11 U.S.C. § 105(a).

20.     Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors*

---

[2] The Trustee cannot provide the names of the former employees for the sake of their safety.  If the Trustee reveals their names, some employees will leave the operations of the Debtor.

4878-9649-3719.2

*of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Although not limitless, this section has also been construed to give bankruptcy courts authority to provide equitable relief appropriate to assure the orderly conduct of bankruptcy proceedings. *See, e.g., In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004).

21.    Under section 704(a) of the Bankruptcy Code, among other duties, the Trustee is required to:

a.    Collect and reduce to money the property of the estate [section 704(a)(1)];

b.    Be accountable for all property received [section 704(a)(2)];

c.    Investigate the financial affairs of the debtor [section 704(a)(3)]; and

d.    Furnish information concerning the estate and the estate's administration requested by the parties in interest [section 704(a)(7)].

22.    To satisfy these statutory duties under section 704(a) (while also operating the Debtor's business on a limited basis under section 721 as set forth in this Motion), the Trustee believes that section 105(a) provides this Court with the power to authorize employment certain of the Debtor's former employees at the Trustee's discretion, in the limited operation of the Debtor's business.

23.    In addition, section 363(c) provides, "[I]f the business of the debtor is authorized to be operated under section 721 … of this title and unless the court orders otherwise, the  trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice of a hearing and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c). The Trustee submits that the authority sought in this Motion would fall within the "ordinary course of business" of the

7

Debtor for purposes of section 363(c) and the Trustee may use estate assets to fund the limited

operations described herein in accordance with section 363(c) of the Bankruptcy Code.

24.     Finally, the Trustee requests that any payments for post-petition services to such

independent contractors retained by the Trustee should receive administrative expense status

pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

25.     Section 503(b)(1)(A) of the Bankruptcy Code defines administrative expenses as

including "the actual, necessary costs and expenses of preserving the estate, including wages,

salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C.

§ 503(b)(1)(A). The principal purpose of section 503(b)(1)(A) is to induce entities to do

business with a debtor after it files for bankruptcy by insuring that those entities receive payment

for services rendered.

26.     For an expense to qualify as administrative under this standard, it must be (1) an

expense (2) that is actual and necessary (3) to preserving the estate. *In re Albrecht*, 233 F.3d 1258,

1259 (10th Cir. 2000). The cost or expense must arise from a postpetition transaction with a trustee,

and the consideration supporting the right to payment must have directly and substantially

benefited the estate. *In re Mid-Region Petroleum*, 1 F.3d 1130, 1133 (10th Cir. 1993). Priority is

granted to compensate the providers of necessary goods, services or labor.  *In re Greater Kan. City

Transp., Inc.*, 71 B.R. 865, 871 (Bankr. D. Kan. 1987).

27.     In particular, wages for post-petition services qualify as administrative claims

entitled to priority under section 503(b)(1)(A). Collier on Bankruptcy ¶ 503.06[7][a] ("Those

expense for wages, salaries or commissions incurred postpetition in an effort to preserve the estate

or operate the debtor's business qualify as administrative expenses.").

4878-9649-3719.2

28.     As part of their duties in administrating the estate, chapter 7 trustees often need the services of employees to operate, manage, or assist in winding down the debtors' businesses. Collier on Bankruptcy ¶ 503.06[7][b] ("[i]f necessary to preserve the estate, the trustee or debtor in possession may hire employees to operate and manage the debtor's business. Employees may include the debtor's former personnel or the individual debtor . . . . In addition, retaining or hiring employees is often necessary in liquidating chapter 11 plans and in certain chapter 7 liquidations."). To induce those former employees to serve post-petition as independent contractors and to help operate the Debtor's business on a limited basis, payment for such services should qualify as an administrative expense entitled to priority under section 503(b)(1)(A) of the Bankruptcy Code.

29.     The Trustee believes that the proposed payments to the independent contractors for the proposed post-petition services should be entitled to an administrative expense priority under section 503(B)(1)(A) because such services are (1) expenses (2) that are actual and necessary (3) to preserving the Debtor's estate.  As mentioned above, the services from the former employees for post-petition work as independent contractors in operating the Debtor's business will reduce the practical burdens of learning the Debtor's businesses by having those most familiar assist the Trustee with accessing and providing needed information and operating the business on a limited basis.  In turn, this arrangement preserves the Debtor's estate and maximizes value for all creditors by reducing the time and costs associated with hiring outside personnel to perform the same services.

4878-9649-3719.2

## NOTICE

30.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel if known: (i) The Office of the United States Trustee, (ii) counsel for the Debtor, and (iii) upon all parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

31.     No prior request for the relief sought in this Motion has been made to this Court or any other Court.

## CONCLUSION

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court grant the relief requested in the Motion, enter the Proposed Order, and grant such other and further relief as the Court deems just and proper.


DATED: December 17, 2023.


*/s/ Ellen E. Ostrow*
ELLEN E. OSTROW, Chapter 7 Trustee

4878-9649-3719.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of December, 2023, a true and correct copy of the

foregoing **MOTION OF ELLEN E. OSTROW, CHAPTER 7 TRUSTEE, FOR AN ORDER**

**PURSUANT TO 11 U.S.C. §§ 105, 363, AND 721 AUTHORIZING THE CHAPTER 7**

**TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS**

**EFFECTIVE AS OF THE PETITION DATE FOR THE SOLE PURPOSE OF (A)**

**LIQUIDATING THE BUSINESS AND EMPLOYING THE DEBTOR'S FORMER**

**EMPLOYEES AS INDEPENDENT CONTRACTORS AND TO PAY FOR SERVICES;**

**AND (B) FOR ADDITIONAL RELIEF** was electronically filed and therefore served via ECF

on the following:

**Mark C. Rose**  mrose@mbt-law.com
**United States Trustee**  USTPRegion19.SK.ECF@usdoj.gov

*/s/ Ellen E. Ostrow*

4878-9649-3719.2