Ellen E. Ostrow (#14743)
eostrow@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT  84111
Telephone:  801.401.8900

Geoffrey S. Goodman (*Pro Hac Vice* forthcoming)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone:  312.832.4514

*Proposed Attorneys for Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: **SAFEMOON US LLC,** Debtor. | Bankruptcy Case No. 23-25749 Chapter 7 Honorable Joel T. Marker |
|---|---|

**MOTION TO SHORTEN TIME FOR EXPEDITED HEARING ON MOTION OF ELLEN E. OSTROW, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 721 AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS EFFECTIVE AS OF THE PETITION DATE FOR THE SOLE PURPOSE OF (A) LIQUIDATING THE BUSINESS AND EMPLOYING THE DEBTOR'S FORMER EMPLOYEES AS INDEPENDENT CONTRACTORS AND TO PAY FOR SERVICES; AND (B) FOR ADDITIONAL RELIEF**

Ellen E. Ostrow (the "***Trustee***"), the duly-appointed trustee in the above-entitled Chapter 7 bankruptcy case (the "***Bankruptcy Case***") filed by SafeMoon US LLC (the "***Debtor***"), by and through her undersigned proposed counsel, hereby submits this motion for entry of an order,

1

substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Local Rule ("**Local Rule**") 9013-1(m) shortening time for notice of a hearing on the *Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363, and 721 Authorizing the Chapter 7 Trustee to Operate the Debtor's Business on a Limited Basis Effective as of the Petition Date for the Sole Purpose of (A) Liquidating the Business and Employing the Debtor's Former Employees as Independent Contractors and to Pay for Services; and (B) For Additional Relief* filed by the Trustee on December 17, 2023 (the "**Motion**").[1]

The Trustee seeks a hearing on the Motion on December 18, 2023, at 3:00 p.m. MT. Any objection to this relief requested may be made at the hearing.

## BACKGROUND

1. On December 14, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. Ellen E. Ostrow has been appointed as chapter 7 trustee.

3. Prior to ceasing operations, the Debtor was a cryptocurrency and blockchain company based in Pleasant Grove, Utah. The Debtor was created in March 2021. Concurrently with its inception, the Debtor created and sold a SafeMoon token ("**SFM Token**") that trades on the BNB Chain (Binance) blockchain. The value of the SFM Token increased exponentially in its first month of existence, resulting in the total market value of the token rising to the billions of dollars in April 2021.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

4863-4330-0247.2

4.     Over time, however, allegations that the Debtor's principals made misrepresentations and engaged in other alleged misconduct led to a sharp reduction in the market price of the SFM Tokens.

5.     On February 17, 2022, certain individuals filed a class action complaint against the Debtor, Braden John Karony (the Debtor's former CEO), Kyle Nagy (the Debtor's founder), and various other executives and/or insiders of the Debtor, in the United States District Court for the District of Utah (the "*Class Action Complaint*"). *See Combs et al v. SafeMoon LLC et al*, Case No. 22-cv-00642 (D. Utah). In the Class Action Complaint, as it has been amended, the plaintiffs allege that the Debtor and other defendants violated, among other things, Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)) (the "*Exchange Act*"), Rule 10b-5(b) promulgated thereof, and various other federal and state laws by making false statements of material fact and engaging in a scheme to defraud investors relating to the purchase or sale of a security (i.e., the SFM Token).

6.     On November 1, 2023, the Securities and Exchange Commission ("*SEC*") filed a Complaint against the Debtor and others in the United States District Court for the Eastern District of New York. *See Securities and Exchange Commission v. SafeMoon LLC et al*, Case No. 23-08138 (E.D.N.Y.) (the "*SEC Case*"). In the SEC Case, the SEC asserts various claims against the Debtor and other Defendants under the Exchange Act, Rule 10b-5 and the Securities Act of 1933 (15 U.S.C. § 77a *et seq.*).

**RELIEF REQUESTED**

7.     By the Motion, the Trustee requests authority to (a) operate the Debtor's business on a limited basis and for the sole purpose of liquidating the business, and (b) hiring former

employees as independent contractors to perform the services based on the Trustee's discretion. The scope of the Motion is therefore limited--the Trustee has not and does not intend to operate the Debtor's business in any other manner beyond the limited manner set forth herein, which will enable the Trustee to appropriately discharge the Trustee's duties and maximize value for creditors.

8. The Trustee, in the exercise of her business judgment, believes the best way to maximize the value of the Debtor's assets is to operate the Debtor's business on the limited basis set forth in this Motion to sell the Debtor's assets, liquidate substantial crypto assets, including "liquid" crypto such as Bitcoin and Ethereum, and convert them to cash, and manage liquidity pools. Therefore, the Trustee is requesting authority to operate the business on a limited basis for the period of up to sixty (60) days, without prejudice to the Trustee's rights to request additional time to the extent it may become necessary to do so. The Trustee respectfully submits that the relief requested is designed to maximize the value of the Debtor's assets and that it is fair and equitable under the circumstances of this case.

9. Moreover, the Trustee, in the exercise of the Trustee's business judgment, believes that hiring former employees will maximize the value of the Debtor's assets for all interested parties. If the Trustee is not authorized to hire certain of the Debtor's former employees, there would be a loss of significant value to the detriment of the Debtor's estate, since those former employees have valuable knowledge of the Debtor's business.

10. The Trustee proposes to compensate certain of the Debtor's former employees (that the Trustee decides to hire in her business judgment) as independent contractors including through (a) paying their pre-petition claims up to the priority cap under 11 U.S.C. § 507(a)(4), and (b)

paying such employees for services going forward at their pre-petition salaries plus fifteen percent (15%), in order to incentivize such employees to stay in what is a short-term terminal position.

11. As part of the proposed compensation above, and as a key term to the employees helping secure certain assets, the Trustee agreed to seek a motion to shorten time so that employees that will be retained may be paid their pre-petition priority claim up to the priority cap as soon as possible.

## REQUEST FOR ORDER SHORTENING TIME

12. Under Federal Rule of Bankruptcy Procedure 9006(c) and Local Rule 9013-1(m), the Court may shorten time for notice upon a showing of good cause. For the reasons set forth herein, there is good cause to shorten notice as to a hearing on the Motion. In compliance with the requirements of B.L.R. 9013-1(m), the Trustee states as follows:

13. *The reason for the requested shortened time*. As set forth above and in the Motion, the Trustee seeks authorization to wind down the operations and employ and pay the former employees. The Trustee seeks a hearing on shortened time to begin the process of winding down the operations and paying the employees right away. Further, it is crucial for the compensation of the employees to begin as soon as possible because there is a risk of the employees leaving the job.

14. *Previous time modifications relating to the subject matter of the request*. No previous requests have been made to shorten time with respect to the Motion.

15. *The effect of the request for shortened time*. The Trustee does not anticipate any adverse impact on the schedule for the case or proceeding. On the contrary, the time modification

5

requested herein will keep the former employees helping the Trustee with the winding down of the operations.

16. *Efforts to speak with responding parties*. The Trustee has communicated with the Debtor's counsel regarding both the underlying matter of the form and substance of the order.

17. *Service of notice of hearing*. The Trustee requests a determination that notice of the hearing on the Motion shall be sufficient provided that, following entry of an order shortening notice, the Trustee will serve notice of the hearing on the Motion, the Motion, and all supporting papers on the U.S. Trustee, the Debtor, and counsel of record in the Class Action and SEC Case.

## CONCLUSION

WHEREFORE, the Trustee requests that the Court enter an order in the form attached hereto granting the relief requested herein to shorten notice for the Motion and allow for a notice of hearing.

DATED: December 18, 2023.

*/s/ Ellen E. Ostrow*
ELLEN E. OSTROW, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2023, a true and correct copy of the foregoing **MOTION TO SHORTEN TIME FOR EXPEDITED HEARING ON MOTION OF ELLEN E. OSTROW, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 721 AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS EFFECTIVE AS OF THE PETITION DATE FOR THE SOLE PURPOSE OF (A) LIQUIDATING THE BUSINESS AND EMPLOYING THE DEBTOR'S FORMER EMPLOYEES AS INDEPENDENT CONTRACTORS AND TO PAY FOR SERVICES; AND (B) FOR ADDITIONAL RELIEF** was electronically filed and therefore served via ECF on the following:

    **Mark C. Rose**  mrose@mbt-law.com
    **United States Trustee**  USTPRegion19.SK.ECF@usdoj.gov

    /s/ *Ellen E. Ostrow*