Ellen E. Ostrow (#14743)
eostrow@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT  84111
Telephone:  801.401.8900

Geoffrey S. Goodman (*Pro Hac Vice* forthcoming)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone:  312.832.4514

*Proposed Attorneys for Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Case No. 23-25749 |
|---|---|
| **SAFEMOON US LLC,** | Chapter 7 |
| Debtor. | Honorable Joel T. Marker |

### APPLICATION OF ELLEN E. OSTROW, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO RETAIN AND EMPLOY FOLEY & LARDNER LLP AS HER GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF DECEMBER 14, 2023

Ellen E. Ostrow (the "***Trustee***"), the duly-appointed trustee in the above-entitled Chapter 7 bankruptcy case (the "***Bankruptcy Case***") filed by SafeMoon US LLC (the "***Debtor***"), through her proposed general bankruptcy counsel, hereby files her *Application of Ellen E. Ostrow, Chapter 7 Trustee, for Entry of an Order Authorizing the Trustee to Retain and Employ Foley & Lardner*

1

*LLP as her General Bankruptcy Counsel Effective as of December 14, 2023* (the "**Application**") in accordance with 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014.

Pursuant to the Application, the Trustee seeks to retain and employ the law firm of Foley & Lardner LLP and its attorneys (collectively, "**Foley**") as general bankruptcy counsel in the Bankruptcy Case. In support of this Application, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein is § 327 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

3. No prior application has been filed for the relief requested herein.

### BACKGROUND

4. The Debtor was a cryptocurrency and blockchain company based in Pleasant Grove, Utah. The Debtor was created in March 2021. Concurrently with its inception, the Debtor created and sold a SafeMoon token ("**SFM Token**") that trades on the BNB Chain (Binance) blockchain. The value of the SFM Token increased exponentially in its first month of existence, resulting in the total market value of the token rising to the billions of dollars in April 2021.

5. Over time, however, allegations that the Debtor's principals made misrepresentations and engaged in other alleged misconduct led to a sharp reduction in the market price of the SFM Tokens.

2

6. On February 17, 2022, certain individuals filed a class action complaint against the Debtor, Braden John Karony (the Debtor's former CEO), Kyle Nagy (the Debtor's founder), and various other executives and/or insiders of the Debtor, in the United States District Court for the District of Utah (the "**Class Action Complaint**"). *See Combs et al v. SafeMoon LLC et al*, Case No. 22-cv-00642 (D. Utah). In the Class Action Complaint, as it has been amended, the plaintiffs allege that the Debtor and other defendants violated, among other things, Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)) (the "**Exchange Act**"), Rule 10b-5(b) promulgated thereof, and various other federal and state laws by making false statements of material fact and engaging in a scheme to defraud investors relating to the purchase or sale of a security (i.e., the SFM Token).

7. On November 1, 2023, the Securities and Exchange Commission ("**SEC**") filed a Complaint against the Debtor and others in the United States District Court for the Eastern District of New York. *See Securities and Exchange Commission v. SafeMoon LLC et al*, Case No. 23-08138 (E.D.N.Y.) (the "**SEC Case**"). In the SEC Case, the SEC asserts various claims against the Debtor and other Defendants under the Exchange Act, Rule 10b-5 and the Securities Act of 1933 (15 U.S.C. § 77a *et seq.*).

8. The Debtor commenced the Bankruptcy Case on December 14, 2023 (the "**Petition Date**") by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

9. The Trustee is the duly qualified and acting Chapter 7 trustee in the Bankruptcy Case.

## **RETENTION OF FOLEY & LARDNER LLP AS COUNSEL**

10. The Trustee believes that there will be assets available to distribute to unsecured creditors in the Bankruptcy Case. The Trustee understands that there is no secured bank debt in this case. In addition, the Estate has substantial crypto assets, including "liquid" crypto such as Bitcoin and Ethereum. The Estate also has ownership rights over accounts with substantial U.S. dollars but needs to gain access to such accounts because they are held in the name of an affiliate. The Trustee also believes that the Debtor's non-cash assets may have material value to a buyer or buyers, but her investigation into the Debtor's assets is only in its infancy.

11. By this Application, the Trustee seeks to employ and retain Foley, pursuant to sections 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, as general bankruptcy counsel to perform legal services that will be necessary in the Bankruptcy Case. The Trustee further requests that Foley's employment be deemed effective as of December 14, 2023, which is the date that the Debtor filed chapter 7 and the Trustee first requested that Foley begin working on the matter and handling various "triage" issues for the benefit of the Debtor's estate (the "*Estate*").

12. Upon the filing of this case, the Trustee required Foley's immediate attention. Among other things, the Trustee needed to (a) secure the Debtor's bank accounts and crypto assets, (b) negotiate with former employees to remain with the Debtor, (c) avoid asset deterioration, and (d) meet various impending deadlines to maintain the value of the Debtor's assets.[1]

---

[1] Given the circumstances of this Bankruptcy Case, particularly as it relates to securing the crypto assets upon the filing of the case, employment of Foley effective as of December 14, 2023 is appropriate.

4

4884-3813-8519.3

13. The Trustee and her counsel at Foley also met at length (via zoom) with the Debtor's former Chief Restructuring Officer and counsel, to better understand the Debtor's business, history and immediate needs.

14. The Trustee selected Foley to serve as her counsel because its attorneys have extensive experience and knowledge of bankruptcy and debtor/creditor matters. In addition, certain attorneys at Foley have extensive experience and knowledge in other areas important to this case, including cryptocurrency transactions and regulations, securities laws, corporate transactions and tax matters.

15. The Trustee further believes that Foley is both well-qualified and uniquely able to represent the Trustee in her administration of the Estate in the Bankruptcy Case in an efficient, effective, and timely manner. The Trustee believes that Foley's retention is necessary and in the best interests of the Estate, and should be approved.

16. Foley has indicated its willingness to represent the Trustee and the Estate in the Bankruptcy Case, to render the services for which it is to be employed and to be compensated as set forth below.

17. Mr. Goodman is a Partner of Foley, co-chair of Foley's Bankruptcy & Business Reorganizations Practice, and a member of the state bars of Illinois and Maryland. Mr. Goodman is an experienced bankruptcy lawyer who has represented debtors, trustees, liquidating trustees, creditor committees and other fiduciaries in numerous bankruptcy and receivership matters in Bankruptcy Court and District Court.

18. Mr. Patrick Daugherty is a Partner of Foley, and a member of the state bars of New York, North Carolina, Michigan, Illinois, and Washington, D.C. Mr. Daugherty is a

5

cryptocurrency expert, representing crypto platforms, custodians, investors and others in crypto and blockchain matters. Mr. Daugherty also teaches a class on cryptocurrency at Cornell Law School.

19. Ms. Mary Rofaeil is an associate at Foley, and a member of the state bar of Texas. Ms. Rofaeil is served for two years as a judicial law clerk for Judge Benjamin Kahn for the U.S. Bankruptcy Court of the Middle District of North Carolina.

## **SERVICES TO BE RENDERED**

20. The services of attorneys are necessary to enable the Trustee to administer the Estate in the Bankruptcy Case. Foley may be required to render all or some of the following services to the Trustee:

    a. Investigating the Debtor and the assets, liabilities, and financial affairs of the Debtor and the Estate;

    b. Analyzing the Debtor's Statements and Schedules, and investigating the Debtor's assets, liabilities and financial affairs as requested by the Trustee;

    c. Assisting the Trustee in securing, protecting and liquidating cryptocurrency assets of the Debtor;

    d. Assisting the Trustee in marketing and monetizing the Debtor's assets and evaluating whether a sale or sales of those assets is appropriate and in the best interests of the Estate;

    e. Assisting the Trustee in investigating potential claims and causes of action against various parties, and filing and prosecuting such litigation if the Trustee deems such conduct warranted;

    f. Assisting the Trustee, as requested, with turnover, abandonment, adequate protection and/or relief from stay issues, and representing the Trustee concerning any motions or other litigation regarding such matters;

    g. Preparing on behalf of the Trustee any necessary motions, objections, applications, answers, orders, reports and papers as required by applicable bankruptcy or non-bankruptcy law, dictated by the demands of the

|   |   |
|---|---|
|   | Bankruptcy Case, or required by the Court, and to represent the Trustee in proceedings or hearings related thereto; |
| h. | Advising the Trustee about the Estate's assets, and helping the Trustee monetize unencumbered assets for the benefit of creditors; |
| i. | Assisting the Trustee in analyzing and pursuing any proposed dispositions of assets of the Estate; |
| j. | Pursuing any claims and causes of action of the Estate, including, but not limited to Chapter 5 avoidance claims and any state-law claims; |
| k. | Defending the Trustee and the Estate in any litigation matters which may be asserted, including the defense of motions seeking relief from the automatic stay; |
| l. | Assisting the Trustee in providing information to creditors and other parties in interest; |
| m. | Reviewing, analyzing, and advising the Trustee regarding the retention of any additional professionals that may be necessary to investigate and analyze assets of the Estate; |
| n. | Reviewing, analyzing, and advising the Trustee regarding fee applications or other issues involving professional compensation in the Bankruptcy Case; |
| o. | Assisting the Trustee in negotiations with various creditor constituencies regarding treatment, resolution, and payment of creditor claims; |
| p. | If a purpose would be served thereby, reviewing and analyzing the validity of claims filed, and advising the Trustee as to the filing of objections to claims, if necessary; |
| q. | Providing necessary corporate and tax advice as may be necessary concerning the Debtor or the Estate; |
| r. | Assisting the Trustee in the investigation of third parties including, but not limited to, the promulgation of any discovery and assisting the Trustee in any 2004 examinations and/or depositions; |
| s. | Assisting the Trustee in the filing and prosecution of any adversary proceedings; and |
| t. | Performing all other necessary legal services as may be required by the needs of the Trustee in the Bankruptcy Case. |

7

## FOLEY & LARDNER LLP HOLDS NO ADVERSE INTEREST

21.     Foley has stated its desire and willingness to render the necessary professional services in the Bankruptcy Case as counsel to the Trustee. Attached hereto as **Exhibit A** is the Declaration of Geoffrey S. Goodman (the "***Goodman Declaration***"). The Goodman Declaration is incorporated herein by this reference. All currently known connections to the Debtor, its creditors or any party in interest are set forth in the Goodman Declaration and incorporated herein by reference.[2]

22.     To the best of the Trustee's knowledge, and based upon the Goodman Declaration and communications that the Trustee has had with Mr. Goodman, the Trustee believes that Foley and its attorneys are disinterested persons as provided in sections 101(14) and 327 of the Bankruptcy Code, and do not represent or hold an undisclosed interest adverse to the interest of the Debtor or the Estate.

## COMPENSATION

23.     The Trustee desires to employ Foley with reasonable compensation to be based upon Foley's normal hourly rates in matters of this type, subject to all necessary approvals of the Court. Foley has received no retainer from the Trustee.

24.     The Trustee understands that Foley will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and local rules and orders of this Court for all services performed and expenses incurred.

---

[2] Furthermore, Foley will perform additional conflicts check and provide updated supplemental disclosures, as necessary, based upon that updated information, including once the Debtor files schedules and statements.

25. Foley's current standard hourly billing rates, which are charged the same for both bankruptcy and non-bankruptcy clients, are as follows:[3]

| Billing Category | Range |
|---|---|
| Partner | $630-$1,800 |
| Of Counsel | $595-$1,410 |
| Senior Counsel | $660-$1,095 |
| Special Counsel | $425-$1,595 |
| Associate | $305-$755 |
| Paraprofessional | $175-$580 |

26. Foley and the Trustee have agreed to a staffing plan for this matter and have agreed to an hourly rate structure which reflects a discount from Foley's standard hourly rates. The names and positions of the Foley professionals currently expected to have primary responsibility for providing services to the Trustee (and discounted hourly rates for the same) are as follows:

| Professional | Position | Hourly Rate |
|---|---|---|
| Ellen Ostrow | Senior Counsel, Bankruptcy | $520 |
| Geoffrey Goodman | Partner, Bankruptcy | $810 |
| Patrick Daugherty | Partner, Cryptocurrency Specialist | $1,350 |
| Michael Bresnahan | Senior Counsel, Cryptocurrency Specialist | $800 |
| Jose Lazaro | Associate, Cryptocurrency Specialist | $551 |
| Mary Rofaeil | Associate, Bankruptcy Counsel | $470 |
| Dianne Nichols | Paralegal | $325 |
| Janelle Harrison | Paralegal | $275 |

---

[3] Foley's rates are normally adjusted annually starting with February 1st of each calendar year.

9

27. Foley's billing rates are subject to adjustment and increase as necessary or appropriate, which adjustments and increases typically become effective on February 1 of each calendar year. Foley intends to adjust its rates each calendar effective as of February 1 and each year thereafter to the extent the Bankruptcy Case remains open and unless otherwise ordered by the Court.

28. Foley maintains detailed records of any actual and necessary expenses for which it may seek reimbursement. Foley will seek reimbursement for its non-overhead, identifiable expenses incurred in connection with the Bankruptcy Case.

29. Foley will also keep detailed records in connection with such services as required by the Bankruptcy Code. Foley proposes to record time spent representing the Trustee in the Bankruptcy Case in increments of $1/10^{th}$ of an hour, and to require all attorneys and paralegals to keep detailed time records in connection with services rendered herein.

30. The Trustee is informed that Foley has not entered into any agreement to share compensation as may be awarded to it for services rendered in this Case, except as permitted under section 504(b) of the Bankruptcy Code, and as is usual and customary in a law firm.

31. While the Debtor has yet to file schedules, the Trustee understands that the possible value of the assets is several million dollars. The Trustee will monitor the fees charged by the attorneys she engages, and will reevaluate case strategy each month, including staffing and fees billed to ensure benefit to the estate.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Trustee respectfully requests that (a) she be authorized, pursuant to 11 U.S.C. § 327, and in accordance with Rule 2014 of the Federal Rules

of Bankruptcy Procedure, to employ the law firm of Foley & Lardner LLP as her general bankruptcy counsel to represent her in this Chapter 7 bankruptcy case, with such employment being effective as of December 14, 2023, which is the date that the Trustee first requested that Foley begin working on the Bankruptcy Case and handling triage on several issues relating to the Debtor and the Estate; and (b) the Court grant such other and further relief as this Court deems just and necessary.

DATED: December 19, 2023.

                                                 */s/ Ellen E. Ostrow*
                                               ELLEN E. OSTROW, Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2023, a true and correct copy of the foregoing **Application of Ellen E. Ostrow, Chapter 7 Trustee, Authorizing the Trustee to Retain and Employ Foley & Lardner LLP as Her General Bankruptcy and Litigation Counsel** was electronically filed and therefore served via ECF on the following:

    **Mark C. Rose**  mrose@mbt-law.com
    **United States Trustee**  USTPRegion19.SK.ECF@usdoj.gov

    */s/ Ellen E. Ostrow*