Ellen E. Ostrow (#14743)
eostrow@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT  84111
Telephone:  801.401.8900

Geoffrey S. Goodman (*Pro Hac Vice* forthcoming)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone:  312.832.4514

*Proposed Attorneys for Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>**SAFEMOON US LLC,**<br><br>Debtor. | Bankruptcy No. 23-25749<br>Chapter 7<br><br>Honorable Joel T. Marker |

**DECLARATION OF GEOFFREY S. GOODMAN, ESQ. IN SUPPORT OF APPLICATION OF ELLEN E. OSTROW, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO RETAIN AND EMPLOY FOLEY & LARDNER LLP AS HER GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF DECEMBER 14, 2023**

Geoffrey S. Goodman, Esq. declares:

1. This declaration is based upon my personal knowledge of the facts set forth herein and/or upon my review of the business records of my law firm, Foley & Lardner LLP, which business records are maintained by the firm in the ordinary course of its business by persons specifically authorized and tasked to maintain such records.

1

2. I make this declaration in support of the application (the "*Application*") of Ellen E. Ostrow, the duly-appointed trustee in the above-entitled Chapter 7 bankruptcy case (the "*Bankruptcy Case*") filed by SafeMoon US LLC (the "*Debtor*"), through her proposed general bankruptcy counsel, to employ and retain the law firm of Foley & Lardner LLP and its attorneys (collectively, "*Foley*") as her general bankruptcy counsel for the purposes set forth in the Application in the Bankruptcy Case, in accordance with 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

3. I am a member in good standing of the state bars of Illinois and Maryland. I have been admitted to practice before, am in good standing with, (a) the United States District Courts for the Northern District of Illinois, the Central District of Illinois, the District of Maryland and the Eastern District of Michigan, (b) the Fourth, Sixth and Seventh Circuit Court of Appeals, and (c) the Supreme Court of the United States. My admission to practice before this Bankruptcy Court as *pro hac vice* is pending.

4. I am a Partner of Foley, co-chair of Foley's Bankruptcy & Business Reorganizations Practice, and a member of the Appellate Practice. I am based on Chicago, IL, but Foley also maintains an office at 95 S State Street, Suite 2500, Salt Lake City, UT.

5. I and Foley have been asked to serve as general bankruptcy counsel for the Trustee in this Bankruptcy Case.

6. In order to determine all connections of Foley and its attorneys to the Debtor, its creditors and the estate, Foley performed a search by email within the firm which was sent to all attorneys and employees of the firm, as well as an electronic search of its databases with respect to the Debtor and the Debtor's owners.

7. The Debtor has not yet filed its Schedules and Statements. As a result, neither the Trustee nor the undersigned are currently aware of all persons or entities that may have connections or affiliations with the Debtor or otherwise be creditors of the Debtor.

8. Accordingly, the search referenced in paragraph 6 above was necessarily incomplete. Once the Schedules and Statements are completed and the Trustee and the undersigned are provided with additional information, Foley will perform additional searches and provide updated supplemental disclosures, as necessary, based upon that updated information.

9. To the best of my current knowledge, information and belief, neither I nor any other Foley professional has any connections with the Court or the Office of the United States Trustee that would prohibit employment of Foley under Rule 5002 of the Federal Rules of Bankruptcy Procedure.

10. Foley is an international law firm with offices located in 25 offices worldwide, and with more than 1,100 lawyers. As such, Foley has relationships with numerous clients, some of which may be creditors of the Debtor or entities affiliated with the Debtor, or otherwise may be parties in interest in this Bankruptcy Case.

11. However, to the best of my knowledge, information and belief, Foley has never represented any creditors in the Bankruptcy Case or in matters directly adverse to the Debtor and, with respect to any creditors who also are clients of Foley, I believe that those creditors either are unrepresented, or are represented by other firms. In any event, neither I nor any other lawyer at Foley will represent or serve any party in any matter adverse to the Estate.

12. The Trustee is a Senior Counsel at Foley, based in our Salt Lake City office.

13. On matters unrelated to this Bankruptcy Case, Foley has had co-counsel relationships with various attorneys or firms that are or may become involved in this Bankruptcy Case in various capacities, some of which may be adverse or potentially adverse to the Trustee and the estate. On matters unrelated to the Bankruptcy Case, Foley may have served as opposing counsel to attorneys who become involved in this Bankruptcy Case.

14. Based upon the searches referenced in paragraph 6 above and other information obtained by me, I believe that neither I, nor any other attorneys or employees of Foley, has any direct or indirect relationship to, connection with, interest in or conflict of interest concerning the estate, the Trustee, the Debtor, any entities controlled by the Debtor, any creditors of the Debtor, any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as otherwise set forth herein.

**CONNECTIONS OF FOLEY TO CREDITORS AND PARTIES IN INTEREST**

15. In addition to any connections set forth above, Foley has the following connections to those creditors and parties in interest identified in the documents referenced in paragraph 6 above:

a. Foley represents Citibank N.A. in matters wholly unrelated to the Bankruptcy Case. An affiliate of the Debtor holds funds in a Citibank account, and the Trustee claims that such funds are property of the Debtor's estate.

b. Foley represents Gibson, Dunn & Crutcher LLP in a matter wholly unrelated to the Bankruptcy Case.

c. As noted above, Foley is a large law firm that likely represents parties who are creditors of or otherwise adverse to the Debtor and the Estate. To the best of my knowledge

4

however, Foley has never represented any clients on matters adverse to the Debtor, or any of its principals.

16. In my opinion, none of the connections disclosed herein creates or constitutes an interest materially adverse to the bankruptcy estate, nor do they adversely affect Foley's disinterestedness under section 327(a) of the Bankruptcy Code.

17. Moreover, to the extent that any issues arise in the future with respect to any of the connections disclosed above (or any connections that may be disclosed in the future based upon Foley's more comprehensive review of the Debtor's creditors based upon the Schedules and Statements), I understand that the Trustee would intend to resolve those issues by engaging other counsel to represent the Trustee and the Estate with respect to such issues.

18. Foley is willing to act as general bankruptcy counsel for the Trustee and the Chapter 7 estate and render the necessary professional services as counsel for the Trustee.

19. To the best of my knowledge, information and belief, formed after reasonable inquiry, Foley does not have any connection with the Trustee, the Debtor, the estate, any entity owned or controlled by the Debtor, creditors of the Debtor or any other parties in interest or their attorneys, except as set forth in this Declaration, and Foley is a disinterested person as that term is used in section 101(14) of the Bankruptcy Code.

**General Information about Foley's Proposed Engagement**

20. If Foley's employment is approved by the Court, Foley will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and local rules and orders of this Court for all services performed and expenses incurred.

4855-3142-0567.1

21. Foley's customary hourly rates in matters of this type are subject to change annually (typically on February 1 of each calendar year) in accordance with the firm's general billing procedures. I will be the principal Foley attorney representing the Trustee and the Estate. The range of current hourly billing rates for attorneys and paralegals likely to perform services in this case for calendar year 2023 are as follows:

| Billing Category | Range |
|---|---|
| Partner | $630-$1,800 |
| Of Counsel | $595-$1,410 |
| Senior Counsel | $660-$1,095 |
| Special Counsel | $425-$1,595 |
| Associate | $305-$755 |
| Paraprofessional | $175-$580 |

22. Foley and the Trustee have agreed to a staffing plan for this matter and have agreed to an hourly rate structure which reflects a discount from Foley's standard hourly rates. The names and positions of the Foley professionals currently expected to have primary responsibility for providing services to the Trustee (and discounted hourly rates for the same) are as follows:

| Professional | Position | Hourly Rate |
|---|---|---|
| Ellen Ostrow | Senior Counsel, Bankruptcy | $520 |
| Geoffrey Goodman | Partner, Bankruptcy | $810 |
| Patrick Daugherty | Partner, Cryptocurrency Specialist | $1,350 |
| Michael Bresnahan | Senior Counsel, Cryptocurrency Specialist | $800 |
| Jose Lazaro | Associate, Cryptocurrency Specialist | $551 |
| Mary Rofaeil | Associate, Bankruptcy Counsel | $470 |
| Dianne Nichols | Paralegal | $325 |
| Janelle Harrison | Paralegal | $275 |

6

23. Foley's billing rates are subject to adjustment and increase as necessary or appropriate, which adjustments and increases typically become effective on February 1 of each calendar year. Foley intends to adjust its rates each calendar effective as of February 1 and each year thereafter to the extent the Bankruptcy Case remains open and unless otherwise ordered by the Court.

24. Foley maintains detailed records of any actual and necessary expenses for which it may seek reimbursement. Foley will seek reimbursement for its non-overhead, identifiable expenses incurred in connection with the Bankruptcy Case.

25. I and other professionals rendering services will also keep detailed records in connection with such services as required by the Bankruptcy Code. Time will be recorded in increments of $1/10^{th}$ of an hour, and all attorneys and paralegals will be required to keep detailed time records in connection with services rendered herein.

26. Foley has not entered into any agreement to share any compensation that may be awarded to it for services rendered in this Bankruptcy Case except as permitted under Section 504(b) of the Bankruptcy Code, and as is usual and customary in a law firm.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

EXECUTED on this 19th day of December, 2023 in Chicago, Illinois.

*/s/ Geoffrey S. Goodman*
Geoffrey S. Goodman, Declarant

4855-3142-0567.1