*Prepared and submitted by:*
Ellen E. Ostrow (#14743)
eostrow@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT  84111
Telephone:  801.401.8900

Geoffrey S. Goodman (*Pro Hac Vice* forthcoming)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone:  312.832.4514

*Proposed Attorneys for Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| In re: <br><br> **SAFEMOON US LLC,** <br><br> Debtor. | Bankruptcy Case No. 23-25749 <br> Chapter 7 <br><br> Honorable Joel T. Marker |
|---|---|

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 721 AUTHORIZING ELLEN E. OSTROW, THE CHAPTER 7 TRUSTEE, TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS EFFECTIVE AS OF THE PETITION DATE FOR THE SOLE PURPOSE OF (A) LIQUIDATING THE BUSINESS AND EMPLOYING THE DEBTOR'S FORMER EMPLOYEES AS INDEPENDENT CONTRACTORS AND TO PAY FOR THEIR SERVICES; AND (B) FOR ADDITIONAL RELIEF**

1

Upon the motion (the "*Motion*") of Ellen E. Ostrow (the "*Trustee*"), the duly-appointed trustee in the above-entitled Chapter 7 bankruptcy case (the "*Bankruptcy Case*") filed by SafeMoon US LLC (the "*Debtor*"), by and through her undersigned proposed counsel, for entry of an order pursuant to sections 11 U.S.C. §§ 105(a), 363, 721 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "*Bankruptcy Code*") authorizing the Trustee to (a) operate the Debtor's business on a limited basis effective as of the Petition Date (as defined below) for the period of up to sixty (60) days for the sole purpose of winding down the business, and (b) employing and paying the Debtor's former employees for their services as of December 16, 2023, including payment of pre-petition wages owed up to the priority cap under § 507(a)(4); and the Court having jurisdiction to consider the Motion and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested herein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances and it appearing that no other or further notice need be given; and it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED AND DECREED that:**

1.   The Motion is GRANTED on an interim basis, as set forth herein.

2.   The Trustee is hereby authorized to operate the Debtor's business on a limited basis effective as of the Petition Date (as defined below) for the purposes and to the extent described in the Motion.

4893-3592-7959.3

3. The Trustee's right to request additional time to operate the Debtor's business pursuant to 11 U.S.C. § 721 is preserved.

4. The Trustee is hereby authorized to employ such former employees of the Debtor as independent contractors as she, in the exercise of her business judgment, believes is necessary and appropriate to assist in the performance of the Trustee's duties. The Trustee is hereby authorized, in the Trustee's discretion, to pay the independent contractors retained by the Trustee for their post-petition services as requested in the Motion as of December 16, 2023, without further Order of this Court, with such payments being entitled to administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A).

5. The Trustee is authorized to pay the prepetition wages owed up to the priority cap under 11 U.S.C. § 507(a)(4), which is $15,150.00, to the former employees who are being retained as independent contractors post-petition upon entry of this Order.

6. The stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Trustee is authorized to take such additional steps as may be reasonably necessary to implement the terms of this order.

9. A final hearing on the Motion will be held on January 3, 2024 at 2 p.m. (MT) via Zoom.

10. Notwithstanding anything to the contrary in this Order, or any findings announced at the hearing on the Motion (the "*Hearing*"), nothing in this Order, or announced at the Hearing,

constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities, and the right of the United States Securities & Exchange Commission (the "**SEC**") to challenge transactions involving crypto assets on any basis is expressly reserved.

11. The Trustee is hereby authorized to sell or liquidate the following crypto assets owned by the Debtor's estate: Bitcoin (BTC) and Ethereum (ETH) (the "**Authorized Crypto Sale Assets**"). The Trustee will not sell or liquidate crypto assets other than the Authorized Crypto Sale Assets without further order of Court after prior notice to the SEC and an opportunity to object.

12. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

--- END OF ORDER ---

4893-3592-7959.3

### DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER

Service of the foregoing ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 721 AUTHORIZING ELLEN E. OSTROW, THE CHAPTER 7 TRUSTEE, TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS EFFECTIVE AS OF THE PETITION DATE FOR THE SOLE PURPOSE OF (A) LIQUIDATING THE BUSINESS AND EMPLOYING THE DEBTOR'S FORMER EMPLOYEES AS INDEPENDENT CONTRACTORS AND TO PAY FOR THEIR SERVICES; AND (B) FOR ADDITIONAL RELIEF shall be served on the parties in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case, as identified below, are registered CM/ECF users.

    **Mark C. Rose**  mrose@mbt-law.com
    **United States Trustee**  USTPRegion19.SK.ECF@usdoj.gov

                                                           /s/ *Ellen E. Ostrow*

4893-3592-7959.3