**This order is SIGNED.**

**Dated: March 22, 2024**



**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



*enf*

*Prepared and submitted by:*
Ellen E. Ostrow (#14743)
eostrow@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT  84111
Telephone:  801.401.8900

Geoffrey S. Goodman (*Pro Hac Vice*)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone:  312.832.4514

*Attorneys for Chapter 7 Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**SAFEMOON US LLC,**<br><br>Debtor. | Bankruptcy Case No. 23-25749<br>Chapter 7<br><br>Honorable Joel T. Marker |

**ORDER (A) ESTABLISHING BIDDING PROCEDURES RELATING TO SALE OF THE DEBTOR'S OPERATING BUSINESS ASSETS; (B) APPROVING THE FORM AND MANNER OF NOTICE OF SALE; (C) ESTABLISHING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND NOTICING AND DETERMINING CURE AMOUNTS; (D) SCHEDULING A HEARING TO AUTHORIZE THE SALE AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (E) GRANTING RELATED RELIEF**

1

Upon the motion (the "*Motion*") of Ellen E. Ostrow (the "*Trustee*"), the duly-appointed trustee in the above-entitled Chapter 7 bankruptcy case (the "*Bankruptcy Case*") filed by SafeMoon US LLC (the "*Debtor*"), by and through her undersigned counsel, for entry of an order, pursuant to §§ 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "*Bankruptcy Code*") and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"): (A) approving bid procedures for the sale (the "*Sale*") of the Debtor's Operating Business Assets (the "*Assets*"), substantially in the form attached hereto as Exhibit A (the "*Bid Procedures*"); (B) approving the form and manner of notice of the Sale; (C) establishing procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale (the "*Assumed Contracts*") and determination of cure amounts; (D) scheduling a hearing (the "*Sale Hearing*") on the Sale and assumption and assignment of Assumed Contracts and setting deadlines with respect to the Sale, as well as an auction, if necessary (the "*Auction*"); and (E) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested herein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances and it appearing that no other or further notice need be given; and it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

4853-6349-5596.1

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**[1]

     A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district and in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

     B.    The statutory predicates for the relief requested herein are §§ 105(a), 363(b), 365, 503 and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014 and adequate notice of the relief requested and granted in this order has been provided in light of the circumstances and the nature of the relief requested herein, and no other notice need be provided.

     C.    The Trustee has articulated good and sufficient business judgment and reasons for this court to grant the relief requested in the motion regarding the sale process, including, without limitation: (i) approving the Bid Procedures; (ii) scheduling a sale hearing; and (iii) approving the process for assumption and assignment of executory contracts.

     D.    The proposed Bid Procedures were proposed in good faith by the Trustee and are fair, reasonable, and appropriate under the circumstances, and are designed to maximize recovery with respect to the sale of the Assets.

     E.    The assumption and assignment procedures are reasonable and appropriate and consistent with the provisions of § 365 of the Bankruptcy Code and Bankruptcy Rule 6006. The assumption and assignment procedures have been tailored to provide an adequate opportunity for any counterparties to the contracts and leases to assert any objections.

     F.    The entry of this Order is in the best interests of the Debtor, its estate, creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein, including those portions of the Motion seeking approval of (a) the Bid Procedures, (b) the procedures for assumption and assignment of executory contracts and unexpired leases, including the determination of cure costs, (c) the date, time and place of the hearing to approve the Sale; and (d) the notice and objection procedures related to each of the foregoing, are hereby approved.

2. All objections to the relief requested in the Motion with respect to the Bid Procedures that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled and denied on the merits.

3. The Bid Procedures attached hereto as Exhibit A are hereby approved and fully incorporated into this Order, and shall apply with respect to the proposed sale of the Assets.

4. The Trustee is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

5. All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Assets.

6. The following procedure related to the assumption and assignment of executory contracts (the "***Assumption and Assignment Procedures***") are hereby approved:

---

[1] The findings and conclusions set forth herein constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

4853-6349-5596.1

(a) If the Successful Bidder seeks the assumption and assignment of any executory contract or unexpired lease, the Trustee shall send a notice of proposed assumption and a proposed cure amount to the contract counterparty by overnight mail and electronic mail if available by April 10, 2024.

(b) The counterparty shall have seven (7) business days to file an objection to the proposed assumption and assignment of the contract and/or the proposed cure amount, and serve it on the Trustee and her counsel. If the Trustee and the counterparty cannot resolve the issue within ten (10) business days, the Trustee shall request that the Court set a hearing on the matter at its earliest convenience.

7. By March 22, 2024, the Trustee will serve this order by electronic mail, facsimile, and/or mail, postage prepaid on (1) the United States Trustee, (2) all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002, (3) all entities known by the Trustee to have expressed a *bona fide* interest in acquiring the Assets, (4) all entities known by the Trustee to have asserted a lien, claim, or encumbrance on or against any of the Assets, and (5) all taxing authorities, and by electronic mail, facsimile, or mail, postage prepaid, on all creditors of the Debtor.

8. Any and all objections to the Sale or the relief requested in connection with the Sale (a "***Sale Objection***") must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules (c) set forth the specific basis for the Sale Objection; (d) filed with the United States Bankruptcy Court for the District of Utah, Frank E. Moss U.S. Courthouse, 350 South Main Steet, 3rd Floor, Salt Lake City, UT 84101, together with proof of service, on or before 4:00 p.m.

5

4853-6349-5596.1

prevailing Mountain Time on April 15, 2024 (the "**Sale Objection Deadline**"); and (e) be served, so as actually to be received, on or before the Sale Objection Deadline by the Trustee, her counsel, and the United States Trustee. If a Sale Objection is not filed and served on or before the Sale Objection Deadline in accordance with the foregoing requirements, the objecting party shall be barred from objecting to the Sale and shall not be heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.

9. The Bid Procedures, the Auction, the Sale Hearing, and the Assumption and Assignment Procedures and the objection periods associated with each of the foregoing are reasonably calculated to provide notice to any affected party and afford the affected party the opportunity to exercise any rights affected by the Motion as it relates to the Auction, the Sale, the Sale Hearing, and the assumption and assignment to the Successful Bidder of any executory contract pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006, and such notice and objection periods are hereby approved.

10. Failure to file a Sale Objection on or before the Sale Objection Deadline shall be deemed to be "consent" for purposes of § 363(f) of the Bankruptcy Code.

11. Sale of the Purchased Assets is consistent with § 363(b)(1)(A) of the Bankruptcy Code and no consumer privacy ombudsman is necessary in connection with the Sale.

12. The Trustee may file reply briefs responding to Sale Objections up until the time of the Sale Hearing.

13. The Court shall conduct the Sale Hearing commencing on April 18, 2024 at 2:00 p.m. prevailing Mountain Time, at which time the Court will consider approval of the Sale to the Successful Bidder.

4853-6349-5596.1

14. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no stay of execution shall apply to this Order.  Any stay of orders under Bankruptcy Rule 6004(h) or 6006(d) is expressly waived.  The Trustee is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order and may without further delay take any action and perform any act authorized or approved under this Order.

16. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

## **DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER**

Service of the foregoing ORDER (A) ESTABLISHING BIDDING PROCEDURES RELATING TO SALE OF THE DEBTOR'S OPERATING BUSINESS ASSETS; (B) APPROVING THE FORM AND MANNER OF NOTICE OF SALE; (C) ESTABLISHING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND NOTICING AND DETERMINING CURE AMOUNTS; (D) SCHEDULING A HEARING TO AUTHORIZE THE SALE AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (E) GRANTING RELATED RELIEF shall be served on the parties in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Matthew James Burne**  matthew.burne@usdoj.gov; James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Mark C. Rose**  mrose@mbt-law.com, markcroselegal@gmail.com
- **United States Trustee**  USTPRegion19.SK.ECF@usdoj.gov
- **Melinda Willden tr**  melinda.willden@usdoj.gov
- **Therese Scheuer** scheuert@SEC.gov
- **Brent O. Hatch** hatch@hatchpc.com, admin@hatchpc.com
- **David W. Newman** david.w.newman@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

/s/ *Ellen E. Ostrow*

# Exhibit A

# BID PROCEDURES[1]

Ellen E. Ostrow, the Chapter 7 Trustee (the "***Trustee***") of the estate of SafeMoon US LLC (the "***Debtor***") has filed a motion dated March 13, 2024 (the "***Motion***"), pursuant to which, among other things, she seeks approval of the process and procedures set forth below (the "***Bid Procedures***") to effectuate the sale of the Assets (the "***Sale***"). The Bid Procedures are designed to facilitate a full and fair marketing and bidding process to maximize the value of the Assets for the benefit of the Debtor's creditors and the bankruptcy estate. The Trustee reserves the right to modify these procedures and establish other or additional rules as necessary or appropriate to maximize the value of the Debtor's assets and the efficacy and efficiency of the sale process.

On April 18, 2024 at 2:00 p.m. (MT), as further described below, the Bankruptcy Court shall conduct a hearing (the "***Sale Hearing***") at which time the Trustee shall seek entry of an order (the "***Sale Order***") authorizing and approving the sale of the Assets (the "***Proposed Sale***") to the Successful Bidder (defined below). The Trustee reserves the right to reschedule the Sale Hearing and provide notice of any rescheduled Sale Hearing.

**Asset Purchase Agreement**

The Trustee will enter into an asset purchase agreement (the "***Asset Purchase Agreement***") subject to Bankruptcy Court approval, with the Successful Bidder. The Sale process is subject to competitive bidding as set forth herein, and approval by the Bankruptcy Court pursuant to §§ 363 and 365 of title 11 of the United States Code (the "***Bankruptcy Code***").

**Assumption and Assignment of Executory Contracts**

To the extent the Successful Bidder seeks the assumption and assignment of any executory contract or unexpired lease, the Trustee shall send a notice of proposed assumption and a proposed cure amount to the contract counterparty by overnight mail and electronic mail if available by April 10, 2024. The counterparty shall have seven (7) business days to file an objection to the proposed assumption and assignment of the contract and/or the proposed cure amount, and serve it on the Trustee. If the Trustee and the counterparty cannot resolve the issue within ten (10) business days, the Trustee shall request that the Court set a hearing on the matter at its earliest convenience.

**Bidding Process**

*Access to Due Diligence Materials*

Parties interested in purchasing the Assets may obtain access to due diligence materials regarding the Assets from the Trustee and/or her advisors. Interested parties must execute a non-disclosure agreement acceptable to the Trustee before any due diligence materials will be provided. All due diligence requests shall be directed to the Trustee or her representatives. Unless agreed otherwise by the Trustee, all due diligence by interested parties shall be completed by the Bid Deadline.

---

[1] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

4875-2055-7483.2

Each bidder will be deemed to acknowledge and represent that it has had an opportunity to inspect and examine the Assets and to conduct any and all due diligence regarding the Assets prior to making its offer, that it relied solely upon its own independent review, investigation and/or inspection of any documents and/or Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Bid Procedures or the Asset Purchase Agreement.

*Participation Requirements*

To participate in the Auction, bids must:

i. Be submitted on or before 4:00 p.m. Mountain Time on April 4, 2024 (the "***Qualified Bid Deadline***");

ii. Identify the Assets that the bidder wishes to bid on, which may be less than all of the Assets;

iii. Be unconditional and for cash;

iv. Designate the executory contracts and unexpired leases that such bidder desires to be assumed and assigned to such bidder;

v. Fully disclose the identity of each person or entity that will be bidding for the Assets;

vi. Be binding and irrevocable until the closing of the sale of the Assets;

vii. Include information sufficient to establish that the bidder is financially able to consummate the proposed transaction;

viii. Contain written evidence that the bidder has obtained all corporate or other authority necessary for it to close and fund the proposed transaction;

ix. Be accompanied by a cash deposit ("***Initial Deposit***") to the Trustee delivered to her counsel, Foley & Lardner LLP, in immediately available funds, actually delivered on or before the Qualified Bid Deadline in the amount of not less than 10% of the bid, which Initial Deposit shall be held by the Trustee until the second business day after the designation of the Successful Bid; and

x. Be subject to no contingencies including, without limitation, financial or due diligence contingencies.

2

A Bid that meets the above requirements and is submitted before the Qualified Bid Deadline that meets the above requirements shall constitute a qualified bid ("**Qualified Bid**") and the bidder a qualified bidder ("**Qualified Bidder**"). If a bid is determined not to be a Qualified Bid in accordance with the conditions set forth above, the bidder shall be refunded its Good Faith Deposit within five (5) business days after that determination.

The Trustee shall notify each bidder as to whether its bid is a Qualified Bid by April 5, 2024 at 4:00 p.m. prevailing Mountain Time.

**Auction**

If more than one Qualified Bid is received for any particular Asset by the Qualified Bid Deadline, the Auction will be conducted at the offices of Foley & Lardner LLP, 95 South State Street, Suite 2500, Salt Lake City, UT 84111, or such other place as may be designated, on April 8, 2024, commencing at 10:00 a.m. prevailing Mountain Time. The Auction shall be conducted according to the following procedures:

*Participation in the Auction*

Only the Trustee and Qualified Bidders (and professional advisors to each of these parties) may attend the Auction. Only Qualified Bidders may submit new bids at the Auction.

Each Qualified Bidder shall be required to confirm that it (i) has not engaged in any collusion with respect to the bidding or the sale, (ii) has reviewed, understands, and accepts the Bid Procedures, and (iii) has consented to the jurisdiction and authority of the Bankruptcy Court to hear and determine any dispute arising in connection with the Bid Procedures, the Auction, and the Sale Hearing.

The highest or otherwise best Qualified Bid submitted prior to the Auction will serve as the opening bid at the Auction (the "**Opening Bid**").

The Trustee and her professional advisors shall direct and preside over the Auction. Bidding at the Auction shall begin with the Opening Bid. All Overbids (as defined below) shall be made and received on an open basis, and all material terms of each bid shall be fully disclosed to all Qualified Bidders. The Trustee shall maintain a transcript of all bids made and announced at the Auction, including the Baseline Bid, all Overbids, and the Successful Bid. The Trustee may announce at the Auction additional procedural rules for bidding and other procedures that are reasonable under the circumstances (e.g., regarding the amount of time allotted to make subsequent valid Overbids) for conducting the Auction.

*Terms of Overbids*

An "**Overbid**" is any bid made at the Auction subsequent to the Trustee's announcement of the Opening Bid. Overbids will be solicited in rounds of bidding.

Each Overbid must comply with the conditions for a Qualified Bid set forth above. Moreover, additional consideration in excess of the amount set forth in the previous bid may in-

clude cash and/or noncash consideration, provided, however, that the value of noncash consideration shall be fair market value as determined by the Trustee, in her reasonable business judgment. At the Trustee's discretion, to the extent not previously provided, a bidder submitting an Overbid at the Auction must submit, as part of its Overbid, written evidence reasonably demonstrating such bidder's ability to close the transaction proposed by such Overbid. Each Overbid shall be not less the minimum increment set by the Trustee, be higher than the Baseline Bid, and shall not be less favorable to the Trustee than any prior bid by such party. Any Overbid made by a Qualified Bidder must remain open and binding on the Qualified Bidder until the Successful Bid and the Back-Up Bid are selected. Such bids remain open as set out below.

*Closing the Auction*

Upon conclusion of the bidding, the Auction shall be closed, and the Trustee shall (i) immediately review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Proposed Sale, and (ii) at the end of the Auction, determine the highest and best offer for the Purchased Assets (the "***Successful Bid***") and the entity submitting such Successful Bid, the "***Successful Bidder***"). In making this decision, the Trustee shall consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the Asset Purchase Agreement, and the net benefit to the estate. As soon as practicable after the close of the Auction, the Trustee and Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid is made.

*Back-Up Bidder*

If an Auction is conducted, the party submitting the next highest or otherwise best Qualified Bid at the Auction for all of the Assets as determined by the Trustee, in the exercise of her business judgment, shall be required to serve as a back-up bidder (the "***Back-Up Bidder***") and keep such bid (the "***Back-Up Bid***") open and irrevocable until the closing of the Transaction with the Successful Bidder.

*Failure to Close*

If the Successful Bidder, as a result of the Successful Bidder's default or breach under the applicable purchase agreement or the failure of a condition precedent beyond the control of either the Trustee or the Successful Bidder, fails to consummate the sale in accordance with the terms of such purchase agreement by the closing date contemplated in such purchase agreement, the Trustee shall be authorized, but not required, to consummate the Transaction with the Back-Up Bidder, the defaulting Successful Bidder's Good Faith Deposit will be forfeited to the Trustee and the Trustee may also seek all available damages from the defaulting Successful Bidder.

**Acceptance of Successful Bid**

The Trustee shall present the Successful Bid (or if no Auction is held, the Asset Purchase Agreement with the proposed buyer) to the Bankruptcy Court for approval at the Sale Hearing.

4

The Trustee's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Trustee's acceptance of the bid. The Trustee will be deemed to have accepted a Bid only when the Bid has been approved by the Bankruptcy Court as the prevailing purchaser at the Sale Hearing.

**Sale Hearing**

The Sale Hearing shall be conducted by the Bankruptcy Court on April 18, 2024 at 2:00 p.m. prevailing Mountain time.

**Closing**

The Sale shall close (the "*Closing*") no later than three (3) business days following entry of the Sale Order and satisfaction of the conditions to Closing contained in the relevant Bankruptcy Court-approved purchase agreement.

**Return of Good Faith Deposit**

The Good Faith Deposit of the Successful Bidder shall be applied to the Purchase Price of such transaction at Closing. The Good Faith Deposits of all Qualified Bidders other than the Successful Bidder and the Back-Up Bidder shall be returned as soon as practicable after the Auction. The Good Faith Deposit of the Back-Up Bidder shall be held in an escrow account until three business days after the Closing and thereafter returned to the Back-Up Bidder. If a Successful Bidder fails to consummate the Sale because of a breach or failure to perform on the part of such Successful Bidder, or the Back-Up Bidder fails to consummate its Sale as required, the Trustee shall be entitled to retain the Good Faith Deposit as part of the estate's damages resulting from the breach or failure to perform by the Successful Bidder or Back-Up Bidder.

4875-2055-7483.2