Ellen E. Ostrow (#14743)
eostrow@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT  84111
Telephone:  801.401.8900

Geoffrey S. Goodman (admitted *Pro Hac Vice*)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone:  312.832.4514

*Attorneys for Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**SAFEMOON US LLC,**<br><br>Debtor. | Bankruptcy Case No. 23-25749<br>Chapter 7<br><br>Honorable Joel T. Marker |

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER (I) EXTENDING TIME FOR TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS; AND (II) EXTENDING TIME FOR TRUSTEE TO ASSUME OR REJECT CONTRACTS AND UNEXPIRED LEASES**

Ellen E. Ostrow (the "***Trustee***"), the duly-appointed trustee in the above-entitled Chapter 7 bankruptcy case (the "***Bankruptcy Case***") filed by SafeMoon US LLC (the "***Debtor***"), by and through her undersigned counsel, hereby moves this Court (the "***Motion***") for the entry of an order, pursuant to §§ 363(b), 365(d)(1), and 721 of title 11 of the United States Code (the "***Bankruptcy Code***"), further extending the time for the Trustee to operate the Debtor's business on a limited basis and the deadline to assume or reject executory contracts and unexpired leases

1

4872-5993-8993.2

from April 15, 2024 (the "***Current Deadline***") through and including April 25, 2024. In support

of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are §§ 363(b), 365(d)(1), and

721 of the Bankruptcy Code.

## BACKGROUND

3.      On December 14, 2023 (the "***Petition Date***"), the Debtor filed a voluntary petition

for relief under Chapter 7 of the Bankruptcy Code.

### A.  Motion to Operate the Business

4.      The Trustee is the duly qualified and acting Chapter 7 trustee in the Bankruptcy

Case. On December 17, 2023, the Trustee filed her *Motion for an Order Pursuant to 11 U.S.C.*

*§§ 105, 363, and 721 Authorizing the Chapter 7 Trustee to Operate the Debtor's Business on a*

*Limited Basis Effective as of the Petition Date for the Sole Purpose of (A) Liquidating the*

*Business and Employing the Debtor's Former Employees as Independent Contractors and to Pay*

*for their Services; and (B) for Additional Relief* [Docket No. 6] (the "***Motion to Operate***").

5.      On December 20, 2023, the Court entered an *Interim Order Pursuant to 11 U.S.C.*

*§§ 105, 363, and 721 Authorizing Ellen E. Ostrow, the Chapter 7 Trustee, to Operate the*

*Debtor's Business on a Limited Basis Effective as of the Petition Date for the Sole Purpose of*

*(A) Liquidating the Business and Employing the Debtor's Former Employees as Independent*

*Contractors and to Pay for their Services; and (B) for Additional Relief* [Docket No. 15]. On

4872-5993-8993.2

January 8, 2024, the Court entered a *Final Order Authorizing Ellen E. Ostrow, the Chapter 7 Trustee, to Operate the Debtor's Business on a Limited Basis* [Docket No. 35] (the "**Final Order**").

6.      In the Final Order, the Court provided the Trustee with the authority to operate the Debtor's business on a limited basis through March 15, 2024, and to contract with and pay former employees of the Debtor as independent contractors to perform the services based on the Trustee's discretion.

7.      On February 14, 2024. the Trustee filed a *Supplemental Motion Related to the Operation of the Debtor's Business on a Limited Basis Effective as of the Petition Date* [Docket No. 55].

8.      On February 23, 2024, the Trustee filed a *Motion to Extend Time to Operate the Debtor's Business on a Limited Basis for the Sole Purpose of (A) Liquidating the Business and Employing the Debtor's Former Employees as Independent Contractors and to Pay for their Services; and (B) for Additional Relief* [Docket No. 61]. On March 13, 2024, the Court granted the motion and extended the time for the Trustee to operate the business from March 15, 2024 to April 15, 2024 [Docket No. 73].

   B.  **Motion to Assume or Reject Contracts**

9.      The Debtor is a party to contracts and/or leases that are or may be considered executory contracts pursuant to § 365 of the Bankruptcy Code (collectively the "**Executory Contracts**").

10.     On February 6, 2024, the Trustee filed her *Motion to Extend Time to Assume or Reject Executory Contracts* [Docket No. 52]. On February 7, 2024, the Court granted in part the

4872-5993-8993.2

motion and extended the time from February 12, 2024 to March 15, 2024 for the Trustee to

assume or reject Executory Contracts [Docket No. 54].

11.     On February 23, 2024, the Trustee filed a *Second Motion to Extend Time to
Assume or Reject Executory Contracts* [Docket No. 57]. On March 13, 2024, the Court granted
the motion and extended the time for the Trustee to assume or reject any Executory Contracts
from March 15, 2024 to April 15, 2024 [Docket No. 72].

### C.  The Proposed Sale of the Debtor's Operating Business Assets

12.     On March 13, 2024, the Trustee filed a *Motion to Approve Bid Procedures for
Sale of Asset(s)* [Docket No. 75]. On March 22, 2024, the Court entered an *Order Granting
Motion to Approve Bid Procedures for Sale of Asset(s)* [Docket No. 90] (the "**Bid Procedures
Order**"). Pursuant to the Bid Procedures Order, the Court will conduct a hearing on the Trustee's
proposed sale of assets on April 18, 2024 (the "**Sale Hearing**").

13.     Since entry of the Bid Procedures Order, potential buyers have expressed interest
in purchasing the Debtor's operating assets. Accordingly, to complete the sale and maintain the
value of the assets, the Trustee is requesting a brief extension to operate the business and allow a
potential purchaser to determine which Executory Contracts it would request be assumed and
assigned.

14.     The Trustee anticipates that any sale will close no later than April 25, 2024, and
therefore requests an extension to that date (1) to continue to operate the business, and (2) to
determine which Executory Contracts will be assumed and assigned. The requested relief will
retain value for the bankruptcy estate to the extent a successful bidder seeks to acquire these
assets.

4872-5993-8993.2

**RELIEF REQUESTED**

15. By this Motion, the Trustee requests entry of an order, pursuant to §§ 365(d) and 721 of the Bankruptcy Code, granting an approximately ten (10) day extension of the Current Deadline to April 25, 2024. Such an extension would be without prejudice to the Trustee's right to seek further extensions of the time to operate the business and to assume or reject Executory Contracts as contemplated by §§ 365(d) and 721 of the Bankruptcy Code. The Trustee, however, does not contemplate further extensions.

A. **Motion to Operate the Business**

16. The Trustee, in the exercise of her business judgment, believes the best way to maximize the value of the Debtor's assets is to operate the Debtor's business while marketing the Debtor's assets for sale under the Bid Procedures Order. Therefore, the Trustee is requesting additional time to operate the business on a limited basis for the period of up to ten (10) days, without prejudice to the Trustee's rights to request additional time to the extent it may become necessary to do so. The Trustee respectfully submits that the relief requested is designed to maximize the value of the Debtor's assets and that it is fair and equitable under the circumstances of this case.

17. The Trustee submits that further extension of the authority to operate as set forth herein is permissible under § 721 of the Bankruptcy Code. *See Collier on Bankruptcy* ¶ 721.02 ("The authority of a trustee to operate the debtor's business can be renewed periodically by the bankruptcy court if the continued operation of the debtor's business by the trustee remains consistent with the requirements of section 721 of the Code.").

18. The extension of time requested herein will allow the Trustee to maximize the value of the Debtor's assets for the benefit of creditors. Indeed, if the Current Deadline is not

4872-5993-8993.2

extended, then the Trustee would risk not selling certain assets that could potentially provide additional value to the bankruptcy estate.

### B. Motion to Assume or Reject Contracts

19.     Section 365(d)(1) of the Bankruptcy Code provides if a trustee in a chapter 7 case does not assume or reject an executory contract within 60 days after the order for relief, the contract is deemed rejected. The time for assuming or rejecting contracts may be extended by the Bankruptcy Court for "cause" under § 365(d)(1).

20.     The term "cause," as used in § 365(d), is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 60-day period. *See In re C.W. Mining Co.*, No. 08-20105, 2009 Bankr. LEXIS 757, at *40 (Bankr. D. Utah Mar. 18, 2009) ("Cause under § 365(d) is not a defined term"). The decision to extend a trustee's time to assume or reject executory contracts is generally within the sound discretion of the Court. *See In re Telemark Mgmt. Co.*, 51 B.R. 623, 625 (Bankr. W.D. Wis. 1984) ("If there is 'cause', *i.e.* the trustee can not make an informed determination of the best interests of the estate within 60 days, the Court is empowered to grant an extension for such time as is required").

21.     Here, "cause" exists to extend the Current Deadline for approximately 10 days, until April 25, 2024. The Trustee, depending on the interests of potential buyers, requires additional time to evaluate and determine which Executory Contracts to assume and assign or reject.

22.     As noted above, the Executory Contracts may be critical to the Trustee's potential sale of assets and administration of the Debtor's estate. The extension of time requested herein will allow the Trustee to maximize the value of the Debtor's assets for the benefit of creditors.

4872-5993-8993.2

Indeed, if the Current Deadline is not extended, then the Trustee would risk either (a) precipitously rejecting Executory Contracts that a buyer may believe are critical to the value of the Debtor's assets, or (b) prematurely assuming Executory Contracts that are <u>not</u> valuable to any buyer, thereby incurring unnecessary administrative expenses, without any corresponding benefit to the estate.

23.     The counterparties to the Executory Contracts will not be prejudiced by the relief requested in this Motion. The Motion will preserve the status quo, and the brief extension will permit the Trustee and parties-in-interest to make an informed decision. Thus, the counterparties will not be damaged by the brief extension.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, (i) extending the time for the Trustee's authorization to operate the Debtor's business on a limited basis through and including April 25, 2024, (ii) extending the time by which the Trustee must decide to assume or reject Executory Contracts through and including April 25, 2024, and (iii) granting such other and further relief as the Court deems just and proper.


DATED: March 27, 2024.


                                                    */s/ Ellen E. Ostrow*
                                                    Geoffrey S. Goodman
                                                    Ellen E. Ostrow
                                                    *Attorneys for Chapter 7 Trustee*

4872-5993-8993.2

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March 2024, a true and correct copy of the foregoing **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER (I) EXTENDING TIME FOR TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS; AND (II) EXTENDING TIME FOR TRUSTEE TO ASSUME OR REJECT CONTRACTS AND UNEXPIRED LEASES**, shall be served on the parties in the manner designated below:

- **By electronic service pursuant to the Court's CM/ECF system**:

  - **Matthew James Burne**   matthew.burne@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Rinehart.Peshell@usdoj.gov; Rachelle.D.Hughes@usdoj.gov; Brittany.Dewitt@usdoj.gov
  - **Brent O. Hatch**   hatch@hatchpc.com, admin@hatchpc.com
  - **David W. Newman tr**   david.w.newman@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Rinehart.Peshell@usdoj.gov; Rachelle.D.Hughes@usdoj.gov; Brittany.Dewitt@usdoj.gov
  - **Mark C. Rose**   mrose@mbt-law.com, markcroselegal@gmail.com
  - **Therese Scheuer**   scheuert@sec.gov
  - **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
  - **Melinda Willden tr**   melinda.willden@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Rinehart.Peshell@usdoj.gov; Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

- **By Email**: I certify that the below parties received a copy of this Motion via email:

  - **Aegis Systems Canada Inc., Anonymous Key Technology Inc., Lynn Spraggs** lspraggs@aegissystems.com
  - **Okta** sylvia.lee@okta.com

In addition, a copy of this Motion will be served on all parties listed on the mailing matrix of the Debtor.

/s/ *Ellen E. Ostrow*

8

4872-5993-8993.2