**This order is SIGNED.**

**Dated: April 2, 2024**

                                             */s/ J T Marker*
                                       **JOEL T. MARKER**
                                       **U.S. Bankruptcy Judge**



---

*Prepared and submitted by:*
Ellen E. Ostrow (#14743)
eostrow@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8900

Geoffrey S. Goodman (admitted *Pro Hac Vice*)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone: 312.832.4514

*Attorneys for Chapter 7 Trustee*

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br>**SAFEMOON US LLC,**<br>Debtor. | Bankruptcy Case No. 23-25749<br>Chapter 7<br>Honorable Joel T. Marker |

**ORDER (A) AUTHORIZING THE SALE OF THE DEBTOR'S CRYPTOCURRENCY ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 105 AND 363, AND (B) GRANTING RELATED RELIEF**

1

Upon the motion (the "*Motion*")[1] of Ellen E. Ostrow (the "*Trustee*"), the duly-appointed trustee in the above-entitled Chapter 7 bankruptcy case (the "*Bankruptcy Case*") filed by SafeMoon US LLC (the "*Debtor*"), by and through her undersigned counsel, for entry of an order, pursuant to sections 11 U.S.C. §§ 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "*Bankruptcy Code*") and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), requesting authorization to sell the Debtor's cryptocurrency assets (the "*Cryptocurrency Assets*") in one or more sales, in the Trustee's discretion, free and clear of liens, claims, encumbrances, and interests pursuant to 11 U.S.C. §§ 105 and 363, without further approval of the Court; the Court having jurisdiction to consider the Motion and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested herein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and sufficient notice of the Motion having been given under the particular circumstances and it appearing that no other or further notice need be given; it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and after due deliberation thereon and good and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**[2]

---

[1] Capitalized terms not otherwise herein defined have the meaning ascribed to them in the Motion.

[2] The findings and conclusions set forth herein constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district and in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested herein are §§ 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 2002, 6004, and 9014 of the federal rules of bankruptcy procedure (the "**Bankruptcy Rules**") and adequate notice of the relief requested and granted in this order has been provided in light of the circumstances and the nature of the relief requested herein, and no other notice need be provided.

C. The assets to be sold, transferred or conveyed pursuant to any sale agreement (the "*Cryptocurrency Assets*"), constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of § 541(a) of the Bankruptcy Code.

D. Notice of the Motion was good and sufficient and a reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities, including, without limitation, (1) the United States Trustee, (2) counsel who filed the Class Action Complaint, (3) all parties that have requested notice in this case pursuant to bankruptcy rule 2002, and (4) all known creditors of the Debtor.

4880-6823-2876.3

E. The Trustee has demonstrated a sufficient basis and compelling circumstances requiring her to sell the Cryptocurrency Assets to one or more appropriate trading partner(s) who meet the requirements of federal securities law (each a "**Buyer**"), and such actions are appropriate exercises of the Trustee's business judgment and in the best interests of the Debtor, its estate, and its creditors. Such business reasons include, but are not limited to, that (i) there is substantial risk of deterioration of the value of the Cryptocurrency Assets if the sale is not consummated quickly; (ii) the sale process will obtain the highest or best offer for the Cryptocurrency Assets; and (iii) unless the sale is concluded expeditiously as provided for in the Motion, creditors' recoveries may be diminished.

F. The Buyer(s) who purchase the Cryptocurrency Assets are buyers in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of § 363(m) and (n) of the Bankruptcy Code with respect to all of the Cryptocurrency Assets. Neither the Trustee nor any Buyer has engaged or will engage in any conduct that would prevent the application of § 363(m) of the Bankruptcy Code, or cause the application of or implicate § 363(n) of the Bankruptcy Code to the consummation of the sale transaction(s) contemplated herein. The Buyer is entitled to all the protections and immunities of § 363(m) of the Bankruptcy Code.

G. The Trustee has full corporate power and authority to execute any Sale Agreement and all other documents contemplated thereby, and the sale of the assets has been duly and validly authorized by all necessary authority by the Trustee to consummate the transactions contemplated herein. No consents or approvals are required by the Trustee to consummate such transactions.

H.  The Cryptocurrency Assets shall be sold free and clear of all mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens (including, without limitation, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), judgments, demands, encumbrances, rights of first refusal, offsets, contracts, recoupments, rights of recovery, claims for reimbursement, contribution, indemnity, exoneration, products liability, alter-ego, environmental, pension, or tax, decrees of any court or foreign or domestic governmental entity, or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, debts arising in any way in connection with any agreements, acts, or failures to act, of the debtor or the debtor's predecessors or affiliates, claims (as that term is used in the bankruptcy code), reclamation claims, obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the bankruptcy case, including future claims, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under doctrines of successor liability and including any pension-related liabilities whether for termination claims, withdrawal, underfunding or contribution obligations or otherwise (collectively, "***Liens, Claims, Encumbrances and Interests***"), with such liens, claims,

4880-6823-2876.3

encumbrances and interests to attach to the consideration to be received by the Debtor in the same priority and subject to the same defenses and avoidability, if any, as before the consummation of the transactions contemplated by any sale agreement for the Cryptocurrency Assets, and the Buyer would not enter into the sale of the Cryptocurrency Assets otherwise.

I. The transfer of the Cryptocurrency Assets to the Buyer is a legal, valid and effective transfer of the assets, and, except as may otherwise be provided in any Sale Agreement, shall vest the Buyer with all right, title and interest of the Debtor to the assets free and clear of any and all Liens, Claims, Encumbrances and Interests. The Buyer shall not assume or become liable for any Liens, Claims, Encumbrances and Interests relating to the Cryptocurrency Assets being sold by the Trustee.

J. The transfer of the Cryptocurrency Assets to the Buyer free and clear of all Liens, Claims, Encumbrances and Interests will not result in any undue burden or prejudice to any holders of any Liens, Claims, Encumbrances and Interests, as all such Liens, Claims, Encumbrances and Interests of any kind or nature whatsoever shall attach to the net proceeds of the sale of the Cryptocurrency Assets received by the Trustee in the order of their priority, with the same validity, force and effect which they now have as against the Cryptocurrency Assets and subject to any claims and defenses the debtor or other parties may possess with respect thereto. All persons having Liens, Claims, Encumbrances and Interests of any kind or nature whatsoever against or in the Debtor or the Cryptocurrency Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances and Interests against the Buyer, any of its assets, property, successors or assigns, or the assets.

4880-6823-2876.3

K. The Trustee may sell the assets free and clear of all Liens, Claims, Encumbrances and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in § 363(f) of the Bankruptcy Code has been satisfied. Those holders of Liens, Claims, Encumbrances and Interests who did not object, or who withdrew their objections, to the sale of the assets and the sale motion are deemed to have consented pursuant to § 363(f)(2) of the Bankruptcy Code. All objections to the Motion have been resolved or overruled. Those holders of Liens, Claims, Encumbrances and Interests who did object fall within one or more of the other subsections of § 363(f) of the bankruptcy code and are adequately protected by having their Liens, Claims, Encumbrances and Interests, if any, attach to the proceeds of the sale of the Cryptocurrency Assets ultimately attributable to the property against or in which they claim or may claim any Liens, Claims, Encumbrances and Interests, with such Liens, Claims, Encumbrances and Interests being subject to treatment by separate order of this Bankruptcy Court.

L. Not selling the Cryptocurrency Assets free and clear of all Liens, Claims, Encumbrances and Interests would adversely impact the Debtor's estate, and the sale of Cryptocurrency Assets other than one free and clear of all Liens, Claims, Encumbrances and Interests would be of substantially less value to the Debtor's estate.

M. In the absence of a stay pending appeal, the Buyer is acting in good faith, pursuant to § 363(m) of the Bankruptcy Code, in closing the transactions contemplated by any applicable sale agreement at any time on or after the entry of this order and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rule 6004(h).

N. The Trustee has articulated good and sufficient business judgment and reasons and a good faith basis for this court to grant the relief requested in the Motion.

O.  The entry of this Order is in the best interests of the Debtor, its estate, creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled and denied on the merits.

3. Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with the Bankruptcy Code and Bankruptcy Rules.

4. The sale of the Cryptocurrency Assets, any Sale Agreement entered into to consummate such sale at the then-current market price of the Cryptocurrency Assets (less a reasonable discount), and the transactions contemplated thereby shall be, and hereby are, authorized and approved in all respects.

5. The Trustee is authorized to enter into any Sale Agreement that requires indemnification of the Buyer in her discretion.

6. The sale of the Cryptocurrency Assets and the consideration provided by the proposed Buyer at the then-current market price of the Cryptocurrency Assets (less a reasonable discount) in accordance with this Order is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

7. Any Buyer of the Cryptocurrency Assets is hereby granted and is entitled to all of the protections provided to a good faith buyer under § 363(m) of the Bankruptcy Code.

8. Pursuant to § 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any transfer under any Sale Agreement, or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order, as the case may be.

9. The Trustee is hereby authorized to fully assume, perform under, consummate and implement the terms of this Order, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of this Order and sale of the Cryptocurrency Assets contemplated thereby including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to possession any or all of the Cryptocurrency Assets, as may be necessary or appropriate to the performance of the Trustee's obligations as contemplated by any applicable sale agreement, without any further corporate action or orders of this Bankruptcy Court.

10. Effective as of the closing of any sale of the Cryptocurrency Assets, (a) the sale by the Trustee to the Buyer shall constitute a legal, valid and effective transfer of the Cryptocurrency Assets notwithstanding any requirement for approval or consent by any person and vests the Buyer with all right, title and interest of the Debtor in and to the Cryptocurrency

4880-6823-2876.3

Assets, free and clear of all Liens, Claims, Interests and Encumbrances of any kind, pursuant to § 363(f) of the Bankruptcy Code.

11. Within five (5) business days of the closing of any sale of the Cryptocurrency Assets, the Trustee shall file a notice with the Court listing the assets sold and the price received under such sale.

12. The Trustee is, authorized, pursuant to §§ 105, 363(b) and 363(f) of the Bankruptcy Code, to sell the Cryptocurrency Assets to the Buyer, in her discretion, on the terms set forth herein. The sale of the Cryptocurrency Assets vests the Buyer with all right, title and interest of the Debtor to the Cryptocurrency Assets free and clear of any and all Liens, Claims, Encumbrances and Interests and other liabilities and claims, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with all such Liens, Claims, Encumbrances and Interests to attach only to the proceeds of the sale with the same priority, validity, force, and effect, if any, as they now have in or against the Cryptocurrency Assets, subject to all claims and defenses the Trustee or Debtor may possess with respect thereto. The Motion shall be deemed to provide sufficient notice as to the sale of the Cryptocurrency Assets free and clear of Liens, Claims, Encumbrances and Interests. Following the sale of the Cryptocurrency Assets, no holder of any Liens, Claims, Encumbrances and Interests in the Assets may interfere with the Buyer's use and enjoyment of the Cryptocurrency Assets based on or related to such Liens, Claims, Encumbrances and Interests, or any actions that the Trustee may take in this

chapter 7 case and no person may take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated by this Order.

13. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Sale Hearing, nothing in the Motion, this Order, or announced at the Sale Hearing constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities or comply with the federal securities laws, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto assets on any basis is expressly reserved.

14. Notwithstanding Bankruptcy Rules 6004 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the Motion shall be deemed to provide sufficient notice of the Trustee's request for relief from stay. In the absence of any person or entity obtaining a stay pending appeal, the Trustee and the Buyer are free to close a sale of the Cryptocurrency Assets at any time. In the absence of any person or entity obtaining a stay pending appeal, the Buyer shall be deemed to be acting in "good faith" and shall be entitled to the protections of § 363(m) of the Bankruptcy Code as to all aspects of the transactions authorized herein if this Order or any authorization contained herein is reversed or modified on appeal.

15. For the avoidance of doubt, the Trustee is authorized to close on the sale of the Cryptocurrency Assets free and clear of Liens, Claims, Encumbrances and Interests as contemplated by this Order.

16. This Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order in all respects and to decide any disputes concerning this Order,

or the rights and duties of the parties hereunder or thereunder or any issues relating to proposed sale(s) of the Cryptocurrency Assets including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Cryptocurrency Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all Liens, Claims, Encumbrances and Interests.

--- END OF ORDER ---

4880-6823-2876.3

## DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER

Service of the foregoing ORDER (A) AUTHORIZING THE SALE OF THE DEBTOR'S CRYPTOCURRENCY ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 105 AND 363, AND (B) GRANTING RELATED RELIEF hall be served on the parties in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Matthew James Burne**   matthew.burne@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Brent O. Hatch**   hatch@hatchpc.com, admin@hatchpc.com
- **David W. Newman tr**   david.w.newman@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Ellen E. Ostrow**   eostrow@foley.com, ellen-ostrow-4512@ecf.pacerpro.com;docketflow@foley.com;acardenas@foley.com
- **Ellen Ostrow Tr**   eostrow@foley.com, acardenas@foley.com;UT33@ecfcbis.com;eostrow@foley.com
- **Mark C. Rose**   mrose@mbt-law.com, markcroselegal@gmail.com
- **Therese Scheuer**   scheuert@sec.gov
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **Melinda Willden tr**   melinda.willden@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. P. 5(b).

All parties on the Court's official matrix.

/s/ *Ellen E. Ostrow*