**This order is SIGNED.**

**Dated: April 17, 2024**

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



*Prepared and submitted by:*
Ellen E. Ostrow (#14743)
eostrow@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8900

Geoffrey S. Goodman (*Pro Hac Vice*)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Telephone: 312.832.4514

*Attorneys for Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**SAFEMOON US LLC,**<br><br>Debtor. | Bankruptcy Case No. 23-25749<br>Chapter 7<br><br>Honorable Joel T. Marker |

**ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM; (II) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***") of Ellen E. Ostrow (the "***Trustee***"), the duly-appointed trustee in the above-entitled Chapter 7 bankruptcy case (the "***Bankruptcy Case***") filed by

1

4893-8535-7989.4

SafeMoon US LLC (the "***Debtor***"), by and through her undersigned counsel, for entry of an order, pursuant to sections 11 U.S.C. §§ 105(a) and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***") and Rules 2002, 3003(c)(3), and 9007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"): (1) establishing a deadline for creditors to file their general proofs of claim and claims under Section 503(b)(9) of the Bankruptcy Code (the "***Bar Date***") and for governmental units to file their proofs of claim (the "***Governmental Bar Date***"); (2) approving the form and manner of notice of the Bar Date and Governmental Bar Date; and (3) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested herein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances and it appearing that no other or further notice need be given; and it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. **July 22, 2024** (the "***Bar Date***") is established as the deadline for the filing of Proofs of Claim against the Debtor, including 503(b)(9) Claims, except that the deadline for filing a Proof of Claim of the type described in § 502(g), (h), or (i) of the Bankruptcy Code shall be the later of (i) the Bar Date or (ii) 30 days after occurrence of the event giving rise to such claim.

4893-8535-7989.4

3. **July 22, 2024** (the "***Governmental Bar Date***") is established as the deadline for all governmental units to file a Proof of Claim against the Debtor, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtor was a party, other than a claim that is exempt from filing a Proof of Claim pursuant to this Order.

4. The Trustee shall give notice of the Bar Date (and of the deadline for filing claims described in § 502(g), (h) and (i) of the Bankruptcy Code) and the Governmental Bar Date by (i) transmitting to the Debtor's known creditors and potential claimants, by United States mail with postage prepaid for all parties that the Debtor has a physical address for in its files, (ii) by email for those parties for which the Debtor has such information in its files, by April 19, 2024, a copy of a notice substantially in the form attached as **Exhibit A** (the "***Bar Date Notice***"), which form of Notice is hereby approved, together with the modified Proof of Claim form attached as Exhibit 1 to the Bar Date Notice (the "***SFM Claim Form***"); (ii) posting of the Bar Date Notice or a link to it on its social media accounts no later than April 19, 2024; and (iii) placement of banner ads on Coindesk by June 13, 2024. Such Bar Date Notice shall be adequate notice of this order and of the Bar Date (and such other deadlines) in the particular circumstances and shall be sufficient to meet the requirements for due process of law under the Constitution of the United States.

5. For any Proof of Claim to be timely and properly filed against the Debtor, a duly executed Proof of Claim, together with accompanying documentation, must be filed with the Trustee's Claims Agent by no later than the Bar Date or any applicable later deadline. Each Proof of Claim shall be in a form substantially conforming to the SFM Claim Form or Official Form 410. The SFM Claim Form attached to the Bar Date Notice is approved.

4893-8535-7989.4

6. If, after providing the Bar Date Notice, the Trustee becomes aware of any additional entity entitled to, or that the Trustee determines should receive a copy of, the Bar Date Notice, the Trustee requests authority to issue a supplemental Bar Date Notice (the "***Supplemental Bar Date Notice***"). The Supplemental Bar Date Notice will be equivalent in substance and form to the Bar Date Notice except that it will specify a "Bar Date" not less than 30 days after the date of service of such Supplemental Bar Date Notice upon the affected entity.

7. The Trustee is authorized to direct her retained claims agent to maintain claims designated as former employees or contractors of SafeMoon or SafeMoon tokenholders as confidential unless further ordered by the Court.

8. To the extent a claimant asserts a claim related to a cryptocurrency asset, the claimant shall convert his or her cryptocurrency claim to US dollars, using the rate of exchange in effect at midnight Mountain standard time on the Petition Date on his or her Proof of Claim form.

9. The stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Trustee is authorized to take such additional steps as may be reasonably necessary to implement the terms of this order.

12. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

--- END OF ORDER ---

## DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER

Service of the foregoing ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM; (II) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (III) GRANTING RELATED RELIEF shall be served on the parties in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Matthew James Burne**   matthew.burne@usdoj.gov; James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Mark C. Rose**   mrose@mbt-law.com, markcroselegal@gmail.com
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **Melinda Willden tr**   melinda.willden@usdoj.gov
- **Therese Scheuer** scheuert@SEC.gov
- **Brent O. Hatch** hatch@hatchpc.com, admin@hatchpc.com
- **David W. Newman** david.w.newman@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. P. 5(b).

All parties on the Court's official matrix.

/s/ *Ellen E. Ostrow*

# EXHIBIT A

## Bar Date Notice

4893-8535-7989.4

Ellen E. Ostrow (#14743)
eostrow@foley.com
Geoffrey S. Goodman (admitted *Pro Hac Vice*)
ggoodman@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT  84111
Telephone:  801.401.8900

*ATTORNEYS FOR CHAPTER 7 TRUSTEE*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**SAFEMOON US LLC,**<br><br>Debtor. | Bankruptcy Case No. 23-25749<br><br>Chapter 7<br><br>Honorable Joel T. Marker |

### NOTICE OF DEADLINE TO FILE PROOFS OF CLAIM AGAINST THE DEBTOR

PLEASE TAKE NOTICE that the Court has set a bar date (a deadline for filing proofs of claim) of **July 22, 2024** (the "*Bar Date*") and for governmental units (the "*Governmental Bar Date*") in the Chapter 7 Case of SafeMoon US, LLC  ("*Debtor*").

**IF YOU DO NOT FILE A PROOF OF CLAIM IN THE MANNER AND TIME DESCRIBED BELOW, YOUR CLAIM WILL ONLY BE PAID AFTER ALL TIMELY FILED CLAIMS ARE PAID IN FULL.**

1. **Filing Required**. You must file a proof of claim ("*Proof of Claim*") not later than the Bar Date for each prepetition claim (one which arose before December 14, 2023) that you hold against the Debtor, unless:

   (a) You have a claim of the type described in § 502(g), (h), or (i) of the Bankruptcy Code, in which case the deadline for filing your proof of such claim is the later of (i) the Bar Date or (ii) 30 days after occurrence of the event giving rise to such claim.

   (b) You have already filed a Proof of Claim with the Bankruptcy Court asserting a claim against the Debtor.

2. **Definition of "Claim"**. As used herein, and as defined in § 101(5) of the Bankruptcy Code, a "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, unmatured, disputed, undisputed, secured, or unsecured.

3. **Filing Procedures**. To be timely filed, a Proof of Claim must be substantially in the form of the SFM Claim Form attached hereto as <u>Exhibit 1</u> or Official Form No. 410, must be duly-executed by the creditor or its authorized representative, must incorporate appropriate documentation of the asserted claim, and must be filed with the Trustee's Claim Agent not later than the Bar Date of Governmental Bar Date (or, if applicable, the deadline set forth in paragraph 1(b) above) either through the Claim's Agent's electronic filing system: https://cases.stretto.com/SafeMoon or by mail (or by delivery service) to the following address:

> SafeMoon US Claims Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

Claims may also be filed with the Clerk of Court. Claims filed with the Clerk of Court, either through the electronic filing system (https://ecf.utb.uscourts.gov or by mail to the below address) will be public on the Docket.

> Clerk of the Court
> United States Bankruptcy Court
> District of Utah
> Frank E. Moss U.S. Courthouse
> 350 S Main Street
> Salt Lake City, UT 84101

4. **503(b)(9) Claim Filing Procedures**. In addition to the Filing Procedures described above, the following procedures apply with respect to 503(b)(9) Claims:

> (A) Each proof of claim asserting a 503(b)(9) claim must set forth with specificity: (i) the amount of the 503(b)(9) claim; (ii) the date of delivery of the goods the creditor contends the debtor received within twenty days before the petition date; and (iii) the value of the goods.

> (B) Each proof of claim asserting a 503(b)(9) claim must include or attach documentation identifying the particular invoices for which any 503(b)(9) claim is being asserted.

4893-8535-7989.4

      (C) Each proof of claim asserting a 503(b)(9) claim must include a certification that the goods with respect to the 503(b)(9) claim were sold to the debtor in the ordinary course of the debtor's business.

5.      **Listing of Cryptocurrency Claim**. If your Claim includes an interest in cryptocurrency assets, you must convert your cryptocurrency claim to US dollars, using the rate of exchange in effect at midnight Mountain standard time on the Petition Date.

**If your claim is based on being a SafeMoon Tokenholder, please list each wallet address that you own and that holds SafeMoon Tokens.**

6.      **Confidentiality**. **Per the SFM Claim Form attached hereto as Exhibit 1, creditors that are (1) former employees or contractors of SafeMoon, or (2) SafeMoon tokenholders must elect to designate their claims as confidential by checking the appropriate box in the top righthand corner of the Proof of Claim form.**

```
Fill in this information to identify the case:
Debtor 1        SafeMoon US LLC
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court for the: District of Utah
Case number   23-25749
```

```
Confidentiality Designation (if applicable):
☐ Former SafeMoon Employee/Contractor
☐ SafeMoon Tokenholder
```

**If a confidentiality designation is not selected, the claim will be public and not confidential. Claims filed with the Trustee's Claims Agent and designated as confidential will not be available to the public unless further ordered by the Court after appropriate notice to the Claimant.**

7.      **Access to Schedules for Non-Customer Creditors**. Copies of the Schedules may be examined by interested parties during regular business hours, Monday through Friday, at the Office of the Clerk, United States Bankruptcy Court, District of Utah, Frank E. Moss U.S. Courthouse, 350 S Main Street, Salt Lake City, UT 84101, or, accessed electronically through the Court's ECF or PACER systems.

Dated: April 17, 2024

                                                         */s/ Ellen E. Ostrow*
                                                         ELLEN E. OSTROW, Chapter 7 Trustee