David L. Mortensen (#8242)
dmortensen@foley.com
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8900

Geoffrey S. Goodman (admitted *Pro Hac Vice*)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
Telephone: 312.832.4514

*Attorneys for Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>SAFEMOON US LLC,<br><br>Debtor. | Bankr. Case No. 23-25749<br><br>Chapter 7<br><br>The Honorable Peggy Hunt |

## MOTION FOR ORDER PURSUANT TO FED. R. BANKR. P. 9019
## TO APPROVE SETTLEMENT WITH JAKE PAUL

### (Related to Adv. No. 25-02180)

Ellen E. Ostrow, in her capacity as duly-appointed trustee (the "***Trustee***") in the above-captioned bankruptcy case filed by SafeMoon US LLC (the "***Debtor***"), by and through her undersigned counsel, hereby submits this motion (the "***Motion***") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to § 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "***Bankruptcy Code***"), and Rules 9019 of the Federal Rules of

Bankruptcy Procedure (the "***Bankruptcy Rules***") authorizing the Trustee to enter into the Settlement Agreement (the "***Settlement Agreement***") attached hereto as **Exhibit B** with Defendant Jake Paul to resolve solely the claims held by the Debtor's estate and alleged in the complaint filed in the adversary proceeding titled *Ellen Ostrow, Chapter 7 Trustee v. Braden John Karony, et. al.,* Case No. 25-02180 (Bankr. D. Utah Dec. 12, 2025) (the "***Adversary Proceeding***") against Mr. Paul.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are § 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

## BACKGROUND

3.      On December 14, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, thereby initiating Bankruptcy Case No. 23-25749 (the "***Bankruptcy Case***"), currently pending in the United States Bankruptcy Court, District of Utah (the "***Bankruptcy Court***").

4.      The Trustee was appointed as the chapter 7 trustee in the Bankruptcy Case.

5.      On December 12, 2025, the Trustee filed the above-captioned Adversary Proceeding against Mr. Paul and numerous other parties.

6.      In the Adversary Proceeding, the Trustee seeks to, among other things, avoid and recover $190,314.15 in transfers made by the Debtor to Mr. Paul (the "***Transfers***").

**THE PROPOSED SETTLEMENT**

7.      The Trustee and Mr. Paul seek to resolve the voidable transfer claims held by the Debtor's estate under § 544 of the Bankruptcy Code and Utah Code Ann. § 25-6-202(1)(a) through this Settlement Agreement.

8.      The Settlement Agreement contemplates a payment by Mr. Paul in the amount of Ninety Thousand Dollars ($90,000.00) ("***Settlement Amount***") to the bankruptcy estate in exchange for the release of Mr. Paul, as provided in the Settlement Agreement.

9.      For avoidance of doubt, the Settlement Agreement applies only to claims asserted against Mr. Paul in the Adversary Proceeding.

**RELIEF REQUESTED**

10.      The Trustee seeks the Court's approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019.

**BASIS FOR RELIEF REQUESTED**

**The Proposed Settlement is Authorized Under Bankruptcy Rule 9019**

11.      Bankruptcy Rule 9019 authorizes this Court to approve a compromise or settlement after notice and a hearing, and § 105 of the Bankruptcy Code empowers this Court to issue any order that is "necessary or appropriate." 11 U.S.C. § 105(a). The authority to approve a settlement is within the sound discretion of the Bankruptcy Court. *See In re Stewart*, 603 B.R. 138, 146 (Bankr. W.D. Okla. 2019) (citing *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997)).

12.      Settlements are favored in bankruptcy to minimize litigation and expedite the administration of the estate. *See In re Southern Medical Arts Co. Inc.,* 343 B.R. 250, 255 (B.A.P. 10th Cir. 2006); *In re Kaiser Steel Corp.*, 105 B.R. 971, 978 (D. Colo. 1989). The Tenth Circuit

4913-9350-1627.34

has held that "[a] court's general charge is to determine whether the settlement is fair and equitable and in the best interests of the estate." *In re Rich Glob., LLC*, 652 F. App'x 625, 631 (10th Cir. 2016). The Court should approve the settlement, unless based on the evidence, it "falls below the lowest point in the range of reasonableness." *In re Velazquez*, 2019 WL 2511557, at \*4 (B.A.P. 10th Cir. Jun. 18, 2019) (quoting *Rich Glob.*, 652 F. App'x at 631).

13.     This Court's approval of a settlement must be an informed decision based on an objective evaluation of the case. *See Kopexa*, 213 B.R. at 1022; *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989). When conducting that evaluation, courts in the Tenth Circuit consider the four factors outlined in *Kopexa Realty Venture*, 213 B.R. at 1022. Those factors are: (a) the probability of success in the litigation, (b) the difficulties to be encountered in collection, (c) the complexities and expense of the litigation involved, and (d) the interests of creditors in proper deference to their reasonable views. *Id*.

14.     Here, the Settlement is fair, reasonable and in the best interests of the estate and creditors. To the first factor, Mr. Paul served as a promoter of SafeMoon tokens, and the Trustee believes that funds paid to him are voidable. While the Trustee believes she would be successful in the litigation, success is not guaranteed. Second, the Trustee does not believe collection would be difficult and this factor is neutral. Third, the litigation would likely be complex and costly. Claims for voidable transfers require substantial time and funds to bring to conclusion. Accordingly, and to the fourth factor, the best interest of creditors and the estate is to resolve the pending claims against Mr. Paul for the $90,000 payment, which will save substantial costs to the estate while providing a meaningful settlement on the claims.  As such, the immediate payment of the Settlement Amount to the estate without expending those costs is in the estate's best interest.

## NO PRIOR REQUEST

15.    No prior request for the relief sought in this Motion has been made to this Court or any other Court.

## CONCLUSION

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court grant the relief requested in the Motion and grant such other and further relief as the Court deems just and proper.

Dated: July 30, 2026

FOLEY & LARDNER LLP

/s/ *David L. Mortensen*

David L. Mortensen
Geoffrey S. Goodman (admitted *pro hac vice*)

*Counsel to Chapter 7 Trustee*

4913-9350-1627.34

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of July, 2026, a true and correct copy of the foregoing **MOTION FOR ORDER PURSUANT TO FED. R. BANKR. P. 9019 TO APPROVE SETTLEMENT WITH JAKE PAUL** shall be served on the parties in the manner designated below:

- **Troy J. Aramburu**    taramburu@swlaw.com, jritchie@swlaw.com,docket_slc@swlaw.com,awayne@swlaw.com
- **Matthew James Burne**    matthew.burne@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **T. Edward Cundick**    tcundick@wnlaw.com, tcundick-secy@wnlaw.com;orders@wnlaw.com
- **Geoffrey S Goodman**    ggoodman@foley.com
- **Brent O. Hatch**    hatch@hatchpc.com, admin@hatchpc.com
- **John T Jasnoch**    jjasnoch@scott-scott.com
- **Penrod W. Keith**    penrod.keith@dentons.com, kristin.hughes@dentons.com
- **Peter J. Kuhn**    Peter.J.Kuhn@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Alan Maza**    mazaa@sec.gov
- **Tait Meskey**    tmeskey@swlaw.com, jritchie@swlaw.com,awayne@swlaw.com,docket_slc@swlaw.com
- **David L. Mortensen**    dmortensen@foley.com
- **Ellen E. Ostrow**    eostrow@foley.com, ellen-ostrow-4512@ecf.pacerpro.com;docketflow@foley.com;geysa.peeler@foley.com
- **Ellen Ostrow Tr**    eostrow@foley.com, UT33@ecfcbis.com;eostrow@foley.com;geysa.peeler@foley.com;elisha.teed@foley.com
- **Mark C. Rose**    mrose@rqn.com, docket@rqn.com;asanchez@rqn.com
- **Brian M. Rothschild**    brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com
- **Therese Scheuer**    scheuert@sec.gov
- **Jeffrey L. Trousdale**    jtrousdale@cohnekinghorn.com, mparks@ck.law;enilson@ck.law
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov
- **Melinda Willden tr**    melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. P. 5(b).

- All parties on the Court's official matrix.        */s/ Elisha Burton*

4913-9350-1627.34

**Exhibit A**

**Proposed Order**

*Prepared and Submitted by:*

David L. Mortensen (#8242)
dmortensen@foley.com
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8900

Geoffrey S. Goodman (admitted *Pro Hac Vice*)
ggoodman@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
Telephone: 312.832.4514

*Attorneys for Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | |
|---|---|
| SAFEMOON US LLC, | Bankr. Case No. 23-25749 |
| | Chapter 7 |
| | The Honorable Peggy Hunt |

## ORDER GRANTING MOTION FOR ORDER PURSUANT TO FED. R. BANKR. P. 9019 TO APPROVE SETTLEMENT WITH JAKE PAUL

**(Related to Adv. No. 25-02180)**

1

4902-2184-9019.1

Upon the motion (the "***Motion***")[1] of Ellen E. Ostrow in her capacity as duly-appointed trustee (the "***Trustee***") in the above-entitled chapter 7 bankruptcy filed by SafeMoon US LLC (the "***Debtor***"), by and through her undersigned counsel, for entry of an order, pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, requesting approval of a settlement with Jake Paul as set forth in the Motion; due and sufficient notice of the Motion having been given under the particular circumstances and it appearing that no other or further notice need be given; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2.      The Settlement Agreement between the Trustee and Mr. Paul attached hereto as **Exhibit 1** is APPROVED.

--- END OF ORDER ---

---

[1] Capitalized terms not otherwise herein defined have the meaning ascribed to them in the Motion.

2

4902-2184-9019.1

### DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER

Service of the foregoing **ORDER GRANTING MOTION FOR ORDER PURSUANT TO FED. R. BANKR. P. 9019 TO APPROVE SETTLEMENT WITH JACK PAUL** shall be served on the parties in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Troy J. Aramburu**   taramburu@swlaw.com, jritchie@swlaw.com,docket_slc@swlaw.com,awayne@swlaw.com
- **Matthew James Burne**   matthew.burne@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov; Brittany.Dewitt@usdoj.gov
- **T. Edward Cundick**   tcundick@wnlaw.com, tcundick-secy@wnlaw.com;orders@wnlaw.com
- **Geoffrey S Goodman**   ggoodman@foley.com
- **Brent O. Hatch**   hatch@hatchpc.com, admin@hatchpc.com
- **John T Jasnoch**   jjasnoch@scott-scott.com
- **Penrod W. Keith**   penrod.keith@dentons.com, kristin.hughes@dentons.com
- **Peter J. Kuhn**   Peter.J.Kuhn@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov; Brittany.Dewitt@usdoj.gov
- **Alan Maza**   mazaa@sec.gov
- **Tait Meskey**   tmeskey@swlaw.com, jritchie@swlaw.com,awayne@swlaw.com,docket_slc@swlaw.com
- **David L. Mortensen**   dmortensen@foley.com
- **Ellen E. Ostrow**   eostrow@foley.com, ellen-ostrow-4512@ecf.pacerpro.com;docketflow@foley.com;geysa.peeler@foley.com
- **Ellen Ostrow Tr**   eostrow@foley.com, UT33@ecfcbis.com;eostrow@foley.com;geysa.peeler@foley.com;elisha.teed@foley.com
- **Mark C. Rose**   mrose@rqn.com, docket@rqn.com;asanchez@rqn.com
- **Brian M. Rothschild**   brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com
- **Therese Scheuer**   scheuert@sec.gov
- **Jeffrey L. Trousdale**   jtrousdale@cohnekinghorn.com, mparks@ck.law;enilson@ck.law
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **Melinda Willden tr**   melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov; Brittany.Dewitt@usdoj.gov

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. P. 5(b).

- All parties on the Court's official matrix.

3

4902-2184-9019.1

**Exhibit B**

**Settlement Agreement**

4913-9350-1627.34

David L. Mortensen (#8242)
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, Utah 84111
Email: dmortensen@foley.com
Telephone: 801.401.8900

Geoffrey S. Goodman (Admitted *Pro Hac Vice*)
FOLEY & LARDNER LLP
321 North Clark Street, Ste. 3000
Chicago, IL 60654
Email: ggoodman@foley.com
Telephone: 312.832.4514

*Attorneys for ELLEN E. OSTROW as the Chapter 7*
*Trustee for SAFEMOON US LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>SAFEMOON US LLC,<br><br>　　　　　　Debtor.<br>―――――――――――――――――<br>ELLEN E. OSTROW AS THE CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF SAFEMOON US LLC, A UTAH LIMITED LIABILITY COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BRADEN JOHN KARONY, AN INDIVIDUAL; KYLE NAGY, AN INDIVIDUAL; THOMAS GLENN SMITH, AN INDIVIDUAL; JENNIFER KARONY, AN INDIVIDUAL, BRADFORD KARONY, AN INDIVIDUAL, CHARLES KARONY, AN INDIVIDUAL, GRACE HUNTER, | Bankr. Case No. 23-25749<br><br>Chapter 7<br><br><br><br><br><br>The Honorable Peggy Hunt<br><br><br>**Adversary Case No. 25-02180** |

P:4905-2490-3868.3:86C58-001

INDIVIDUAL, JACK HAINES-DAVIES, AN INDIVIDUAL, TREVOR CHURCH, AN INDIVIDUAL, JAKE PAUL, AN INDIVIDUAL, BEN PHILLIPS, AN INDIVIDUAL, THOMAS NAGY, AN INDIVIDUAL, BRADLEY FLAHERTY, AN INDIVIDUAL, DOES 1-50, UNKNOWN INDIVIDUALS AND/OR ENTITIES, SLASHDOT, LLC, A FLORIDA LIMITED LIABILITY COMPANY, RONIN CRYPTO GROUP, LC, A UTAH LIMITED LIABILITY COMPANY, RONIN ENERGY GROUP, LC, A UTAH LIMITED LIABILITY COMPANY, RONIN REAL ESTATE HOLDINGS, LC, A UTAH LIMITED LIABILITY COMPANY, RONIN MONEY TRANSFER OPERATIONS, LC, A UTAH LIMITED LIABILITY COMPANY, TANO, LLC, A UTAH LIMITED LIABILITY COMPANY, EMANATIONS COMMUNICATIONS GROUP, LC, A UTAH LIMITED LIABILITY COMPANY, ECG OPERATIONS, LC, A UTAH LIMITED LIABILITY COMPANY

Defendants.

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "***Agreement***") is made and entered into between Ellen E. Ostrow, Chapter 7 trustee (the "***Trustee***") of the above-referenced bankruptcy estate (the "***Bankruptcy Estate***"), and Jake Paul ("***Paul***"). The Trustee and Paul shall be referenced together as the "Parties" and each individually as a "Party."

## RECITALS

WHEREAS, there is currently pending in the United States Bankruptcy Court, District of Utah (the "***Bankruptcy Court***"), the Chapter 7 Bankruptcy case of SafeMoon US LLC (the "***Debtor***"), Bankruptcy Case No. 23-25749 (the "***Bankruptcy Case***"), as a result of the filing of a Chapter 7 Bankruptcy petition by the Debtor on December 14, 2023;

WHEREAS, on December 12, 2025, the Trustee filed the above-captioned adversary proceeding against Paul and numerous other parties (the "***Adversary Proceeding***");

P:4905-2490-3868.3:86C58-001                    2

WHEREAS, in the Adversary Proceeding, the Trustee seeks to, among other things, avoid and recover $190,314.15 in transfers made by the Debtor to Paul (the "***Transfers***");

WHEREAS, the Trustee has participated in negotiations with Paul, through counsel, to resolve the claims asserted in the Adversary Proceeding against Paul;

WHEREAS, the Trustee and Paul desire to resolve all claims held by the Debtor's estate against Paul.

NOW THEREFORE, the Trustee and Paul stipulate and agree as follows:

## **AGREEMENT**

1.      Paul shall pay the sum of Ninety Thousand Dollars and No Cents ($90,000.00) ("***Settlement Amount***") to the Trustee as provided in Paragraph 3 hereof in exchange for the release of Paul provided herein.

2.      The Trustee's entry into this Agreement is subject to approval by the Bankruptcy Court, which has jurisdiction over the Bankruptcy Case.

3.      The Settlement Amount shall be paid to the Trustee no later than five business days after (a) the Bankruptcy Court enters an order approving this Agreement (the "***Settlement Order***"), and (b) the Settlement Order becomes final and non-appealable.

4.      Upon the Settlement Order becoming final and non-appealable ***and*** the payment of the Settlement Amount as set forth in paragraph one hereof, the Trustee and Paul, on behalf of themselves and their respective successors and assigns, shall be deemed to have fully and forever released each other of and from any and all claims and causes of action (including, without limitation, claims under 11 U.S.C. § 502(h)), known or unknown, arising out of or in any way related to Paul's relationship with the Debtor and/or the claims brought in the Adversary Proceeding including, without limitation, the Transfers.

5.      Each of the Parties, following their opportunity to discuss the terms of this paragraph 5 with counsel, do hereby irrevocably waive and relinquish all rights and benefits under and pursuant to California Civil Code Section 1542 which provides as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

6.      In the event Paul fails to pay the Settlement Amount following written notice of the failure to pay the Settlement Amount when due providing 3 business days to provide payment, the

Trustee, in her sole discretion, may declare this Agreement and all of its terms to be null and void. If this Agreement is so declared and rendered void, the Trustee shall retain all of the Estate's rights and claims, and nothing contained herein shall be deemed a waiver of any and all rights and remedies of the Trustee nor an acknowledgment by the Trustee as to her rights and claims as provided for herein or otherwise.

7.   This Agreement applies only to claims against Paul. Nothing herein shall waive or release any claims that the Trustee has filed or possesses against (a) any defendant other than Paul in the Adversary Proceeding, or (b) any defendant other than Paul in any other adversary proceeding initiated by the Trustee. All such claims remain property of the Debtor's estate that may be pursued by the Trustee.

8.   The Trustee and Paul state that this Agreement has been read and the content thereof known and understood, and that this document is signed as an act of free will with the intention to be legally bound thereby.

9.   This Agreement supersedes all prior written or oral understandings by the parties to this Agreement.

10.   This Agreement may be executed by the parties hereto in any number of identical counterparts, each of which, once executed and delivered in accordance with the terms of this Agreement, will be deemed an original, with all such counterparts taken together constituting one and the same instrument. Delivery by facsimile, encrypted email or email file attachment of any such executed counterpart to this Agreement will be deemed an equivalent of delivery of the original executed agreement or instrument.

DATED 7/27/2026

Signed by:

*Ellen E. Ostrow, Trustee*
03ED4CF48BFB4F8...
Ellen E. Ostrow, Trustee

DATED 07/24/26

Jake Paul